| | |
|---|---|
| 1 | CUAUHTEMOC ORTEGA (Bar No. 257443) |
| | Federal Public Defender |
| 2 | REBECCA M. ABEL (Bar No. 298604) |
| | (E-Mail: rebecca_abel@fd.org) |
| 3 | Aden Kahssai (NV Bar No. 15581) |
| | (E-Mail: Aden_Kahssai@fd.org) |
| 4 | Deputy Federal Public Defender |
| | 321 East 2nd Street |
| 5 | Los Angeles, California 90012-4202 |
| | Telephone: (213) 894-2854 |
| 6 | Facsimile: (213) 894-0081 |

Attorneys for Defendant
ALEXANDRIA AUGUSTINE

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:25-cr-00678-KS |
| Plaintiff, | **NOTICE OF MOTION AND MOTION TO DIMISS COUNTS 2 AND 3** |
| v. | |
| ALEXANDRIA AUGUSTINE, | Hearing Date: October 2, 2025 |
| Defendant. | Hearing Time: 11:00 a.m. |
| | **Honorable Karen L. Stevenson** |

PLEASE TAKE NOTICE that on October 2, 2025 or as soon thereafter as the matter may be heard, Defendant Alexandra Augustine, by and through her undersigned counsel of record will move to dismiss Counts Two and Three of the First Superseding Information.

This motion is based upon the attached Memorandum of Points and Authorities, the First Superseding Information filed on September 29, 2025, all files and records in this case, and any further evidence as may be adduced at the hearing on this motion.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: October 1, 2025     By  /s/ *Rebecca M. Abel*
REBECCA M. ABEL
ADEN KAHSSAI
Deputy Federal Public Defenders
Attorneys for ALEXANDRA AUGUSTINE

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

The defense moves to dismiss Counts Two and Three—Class C misdemeanors—which were added to the information seven days before trial. In a First Superseding Information issued on September 29, 2025, the government added two Class C misdemeanor offenses for: Count Two, a violation of 41 CFR § 102-74.390(c) for "imped[ing] or disrupt[ing] the performance of official duties by Government employees," and Count Three, a violation of 41 CFR § 102-74.385 for failing to comply with official signs and lawful direction of a federal officer. (Ex. A.)

Although no factual basis is included in the charging document, or in the discovery produced to date,[1] according to government counsel, the basis for both counts is Ms. Augustine's conduct while engaging in the alleged assault in Count One. Specifically, the government claims that during the assault Ms. Augustine was trespassing onto federal property. And that by trespassing and committing assault, she was impeding or disrupting the official duties of government employees and disobeying a lawful direction not to come onto federal property.

Counts Two and Three must be dismissed for several reasons. First, Counts Two and Three are multiplicitous; a violation of Count Three—failing to comply with signs and lawful directions—necessarily violates Count Two—impeding or disrupting federal officers—and no additional fact needs to be proved to convict on both counts. Second, Count Three is duplicitous because it alleges two separate and distinct offenses in a single count: (1) failing to comply with official signs; and (2) failing to comply with lawful directions of a federal officer. To remedy the violation, the government must elect the conduct on which it intends to proceed at trial, and eliminate the superfluous language. Third, Count Two, for impeding and disrupting federal officers, is vague as

---

[1] The defense moves to compel the government to produce all discovery related to Counts Two and Three forthwith, as there are only 6 days before trial and the defense has no discovery regarding the added charges. Further delay in production prejudices the defense, and is designed to deny Ms. Augustine's right to a speedy trial.

1

applied to Ms. Augustine, as it criminalizes everyday conduct for which a reasonable person would not be on notice. Finally, the regulations charged in Count Two and Three violate the principle of non-delegation and must be dismissed.

For these reasons, Counts Two and Three of the First Superseding Information must be dismissed.

## II. ARGUMENT

### A.  Count Two Must be Dismissed as Multiplicitous.

The Fifth Amendment guarantees that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend. V. Individuals are therefore protected from successive prosecutions and "successive punishments" for the same offense. *United States v. Dixon*, 509 U.S. 688, 696 (1993). Courts determine whether a defendant may be punished twice for the "same offense" be applying the test set forth in *Blockburger v. United States*, 284 U.S. 299, 304 (1932). Specifically, "[a]n indictment is multiplicitous when it charges multiple counts for a single offense, producing two penalties for one crime and thus raising double jeopardy questions." *United States v. Stewart*, 420 F.3d 1007, 1012 (9th Cir. 2005) (citation omitted). Conversely, "two counts within an indictment are not multiplicitous if each separately violated statutory provision requires proof of an additional fact which the other does not." *Id.* (citations and internal quotations omitted).

Because Counts Two and Three are multiplicitous, one must be dismissed. Ms. Augustine cannot be guilty of Count Two, for "imped[ing] or disrupt[ing] the performance of official duties by Government employees," without also being guilty of Count Three, for failing to comply with the lawful direction of a federal officer. In other words, by failing to comply with the lawful direction of a federal officer, she— under the government's theory—necessarily impeded or disrupted the performance of the officer's official duties. For this reason, Count Two must be dismissed.

On the exact same theory, the Court dismissed a charge under 41 CFR § 102-74.390(c) as multiplicitous in *United States v. Mumford*, No. 3:17-CR-0008-JCC, 2017

2

1  WL 652449, at *5 (D. Or. Feb. 16, 2017). In that case, the defendant was charged in
2  count one with 41 C.F.R. § 102–74.390(c) for "imped[ing] or disrupt[ing] the
3  performance of official duties by Government employees," just as Ms. Augustine is
4  here in Count Two. *Id.* at *3. And Mumford was charged in count two with a violation
5  of 41 C.F.R. § 102–74.385 for failing to "comply with official signs," just as Ms.
6  Augustine is here in Count Three. *Id.* The *Mumford* court dismissed the charge under
7  41 C.F.R. § 102–74.390(c) because a "finding [that] he disrupted 'the performance of
8  official duties by Government employees' under 41 C.F.R. 102–74.390(c) necessarily
9  violates the regulation that he 'comply with official signs of a prohibitory, regulatory or
10 directory nature' under 41 C.F.R. 102–74.385." *Id.* at *5. The *Mumford* court cited
11 *Ball v. United States*, 470 U.S. 856 (1985), for support. In *Ball*, the defendant was
12 convicted of receiving a stolen firearm and being a felon in possession. 470 U.S. at
13 857–58. The Supreme Court held that one of the convictions needed to be vacated
14 because statutes directed at "receipt" and "possession" of a firearm amounted to the
15 "same offense"; "proof of illegal receipt of a firearm necessarily includes proof of
16 illegal possession of that weapon." Id. at 862. In order to remedy the multiplicity in
17 *Ball*, the court was required to vacate one of the underlying convictions. *Id.* at 864.
18      As in *Ball* and *Mumford*, dismissal of Count Two is required because no
19 additional fact is required to be proved beyond the elements of Count Three to secure a
20 convictions. Thus, the two statutes are multiplicitous and one count must be dismissed.
21
22 **B.   Count Three is duplicitous and the government must elect the conduct
23        on which it intends to offer proof at trial.**
24      In Count Three, the government alleges that Ms. Augustine "failed to comply
25 with official signs of a prohibitory, regulatory or directory nature ***and*** with the lawful
26 directions of Federal." (Ex. A (emphasis added).) This charge is duplicitous because it
27 "allege[s] two separate and distinct offenses which" 41 C.F.R. § 102-74.385 "states in
28 its two clauses." *United States v. Aguilar*, 756 F.2d 1418, 1422 (9th Cir. 1985). The

3

government cannot join both offenses in a single count and it "must elect the conduct upon which it intends to offer proof." United *States v. Estrada-Iglesias*, 425 F. Supp. 3d 1265, 1271 (D. Nev. 2019).

In *Aguilar*, the defendant was charged in the same count with "the two separate and distinct offenses which 18 U.S.C. § 912 states in its two clauses." *Aguilar*, 756 F.2d at 1422. Section 912 provides that: "Whoever falsely assumes or pretends to be an officer or employee acting under the authority of the United States or any department, agency or officer thereof, and acts as such, ***or*** in such pretended character demands or obtains any money, paper, document, or thing of value, shall be fined under this title or imprisoned not more than three years, or both." The court has repeatedly held that Section 912 states two offenses. *Aguilar*, 756 F.2d at 1420 n.1. "Charging two offenses in one count of an indictment is contrary to Rule 8(a) of the Federal Rules of Criminal Procedure, which provides that an indictment contain 'a separate count for each offense.'" *Id.* at 1420 n.2 (internal quotation omitted). "The joining in a single count of two or more distinct offenses is termed 'duplicity.'" *Id.* Duplicitous charges breach a defendant's Sixth Amendment right to knowledge of the charges against him, and could "eviscerate the defendant's Fifth Amendment protection against double jeopardy, because of a lack of clarity concerning the offense for which he is charged or convicted." *Id.* As a remedy for the duplicity, the court may order the government to elect to proceed "on one clause only." *Id.* at 1422-23.

Like Section 912, 41 C.F.R. § 102-74.385 contains two separate and distinct offenses. It states that: "Persons in and on property must at all times comply with official signs of a prohibitory, regulatory or directory nature ***and*** with the lawful direction of Federal police officers and other authorized individuals." Thus, the regulation can be violated either by failing to comply with official signs or with failing to comply with lawful directions of a federal officer. Count Three of the Superseding Information improperly joins two offenses into a single count in violation of Rule 8(a) and the principles outlined in *Aguilar*. The government must elect which prong it

intends to prove at trial. *See United States v. Moriello*, 980 F.3d 924, 934 (4th Cir. 2020) (setting forth the elements of a conviction under the "lawful direction" prong of § 102-74.385); *Estrada-Iglesias*, 425 F. Supp. 3d at 1270 (finding a charge under § 102-74.385 duplicitous and requiring the government to elect its conduct where it had alleged facts constituting violations of both prongs of the regulation).

### C. Count Two Is Vague as Applied to Ms. Augustine's Conduct

The Due Process clause requires that a criminal statute should, at a minimum, "provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits in a manner that does not encourage arbitrary and discriminatory enforcement." *Hill v. Colorado*, 530 U.S. 703, 732 (2000). In resolving an as applied challenge, the court must determine whether the statute is vague "as applied to the particular facts at issue." *United States v. Szabo*, 760 F.3d 997, 1003 (9th Cir. 2014) (citation and internal quotations omitted). "In an as-applied challenge, a statute is unconstitutionally vague if it fail[s] to put a defendant on notice that his conduct was criminal." *United States v. Harris*, 705 F.3d 929, 932 (9th Cir. 2013) (internal quotations omitted). "For statutes ... involving criminal sanctions[,] the requirement for clarity is enhanced." *Id.*

Count Two—which prohibits impeding or disrupting a government employee's performance of his official duties—is vague as applied to Ms. Augustine's conduct. Based on the facts proffered by the government, she purportedly trespassed onto federal property for less than 5 seconds in a driveway behind the Roybal building. At the time, there was no gate, fence, or other barrier. No person would be on notice that such trespass amounts to impeding or disrupting the performance of official duties. Then Judge Gorsuch expressed concern about application of this regulation to conduct precisely like this. In *United States v. Baldwin*, 745 F.3d 1027 (10th Cir. 2014), he stated:

> If, on the one hand, it's a crime for anyone on federal property to 'impede or disrupt' a government employee's 'performance of official duties,' what public servant among us couldn't be brought up on charges on a prosecutorial whim? Pressing a

5

> prosaic conversation with a co-worker about ski conditions in the high country might seem enough to make criminals of us all.

*Id.* at 1031. Likewise, who among us—pedestrian, defense counsel, prosecutor, and court staff included—hasn't crossed onto the driveway behind the Roybal building momentarily to access MDC, the courthouse, or to get to Union Station. Are we all guilty of impeding or disrupting a government employee for that momentary trespass? Certainly not. Precisely because we are not on notice that such conduct is criminal.

Accordingly, Count Two which charges a violation of 41 C.F.R. § 102–74.390(c) is vague as applied to Mr. Augustine's charged conduct. For this independent reason, the charge must be dismissed.

**D.    The Regulations Charged in Counts Two and Three Are a Constitutionally Excessive Delegation of Legislative Authority**

Dismissal of Counts Two and Three is proper because 41 C.F.R. § 102-74.390 and 41 C.F.R. § 102-74.385 are an invalid Congressional delegation of rule-making authority.

Article I of the Constitution vests "[a]ll legislative Powers . . . in a Congress of the United States." U.S. Const. art. I, § 1. "Accompanying that assignment of power to Congress is a bar on its further delegation"—Congress "may not transfer to another branch 'powers which are strictly and exclusively legislative.'" *Gundy v. United States*, 588 U.S. 128, 135 (2019) (plurality opinion) (internal quotation omitted). "Congress does not violate the Constitution merely because it legislates in broad terms, leaving a certain degree of discretion to executive or judicial actors." *Touby v. United States*, 500 U.S. 160, 165 (1991). The Supreme Court has defined the point beyond which a grant of discretion is too broad—and is thus a delegation of legislative power—through the "intelligible principle" test. *See Gundy*, 588 U.S. at 135 (plurality opinion). Under that test, "a statutory delegation is constitutional as long as Congress 'lay[s] down by legislative act an intelligible principle to which the person or body

authorized to [exercise the delegated authority] is directed to conform.'" *Id.* (alterations in original) (internal quotation omitted).

      40 U.S.C. § 1315(c) is the statute delegating to the Department of Homeland Security the authority to promulgate the regulations under which Ms. Augustine is charged in Counts Two and Three.  The statute directs the Secretary of Homeland Security to "prescribe regulations necessary for the protection and administration of property owned or occupied by the Federal Government," including imposing "reasonable penalties" for violations of those regulations.  This language does not impose any intelligible principle for the Secretary to apply in formulating criminal regulations and penalties.

      As Judge (now Justice) Neil Gorsuch opined as to this very provision:

> By what authority is the Executive permitted to criminalize conduct and impose jail terms in administrative regulations buried deep within the Code of Federal Regulations? Normally we don't think of regulatory agencies as entitled to announce new crimes by fiat. . . . Can Congress so freely delegate the core legislative business of writing criminal offenses to unelected property managers at GSA? Might this arrangement, though arrived at with Congress's assent, still blur the line between the Legislative and Executive functions assigned to separate departments by our Constitution?

*United States v. Baldwin*, 745 F.3d 1027, 1030 (10th Cir. 2014).  As Justice Gorsuch notes, under this statutory delegation, the Code of Federal Regulations "today finds itself crowded with so many "crimes" that scholars actually debate their number." *Id.* at 1031.  He also questions "the 'reasonableness' limitation found in the specific delegation before us." *Id.*  "In the statute at issue here, Congress says agency officials may prescribe only 'reasonable' criminal penalties within the limits it has prescribed (30 days in prison, usually no more than $5,000 in fines). Who's to say what in that range is reasonable, and by what measure?" *Id.*; *see also Gundy*, 588 U.S. at 149 (Alito, J concurring) (seeking to reconsider the deference to Congress in its delegation); *id.* at 179 (Gorsuch, J. dissenting on behalf of three justices) ("In a future case with a full panel, I remain hopeful that the Court may yet recognize that, while Congress can

7

enlist considerable assistance from the executive branch in filling up details and finding facts, it may never hand off to the nation's chief prosecutor the power to write his own criminal code.).

The defense objects to the regulation underlying Counts Two and Three of the Information as excessive delegations of legislative authority, and preserves this issue for appeal.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: October 1, 2025        By  /s/ Rebecca M. Abel
REBECCA M. ABEL
ADEN KAHSSAI
Deputy Federal Public Defenders
Attorneys for ALEXANDRA AUGUSTINE

8