BILAL A. ESSAYLI
Acting United States Attorney
JOSEPH T. MCNALLY
Assistant United States Attorney
Acting Chief, Criminal Division
PATRICK D. KIBBE (Cal. Bar No. Pending)
CHRISTOPHER R. JONES (Cal. Bar. No. 343374)
Assistant United States Attorneys
General Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-6482 / (213) 894-7383
     Facsimile: (213) 894-0141
     Email:     patrick.kibbe@usdoj.gov
                christopher.jones4@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

                 UNITED STATES DISTRICT COURT

             FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:25-cr-00678-KS |
|---|---|
| Plaintiff, | GOVERNMENT TRIAL MEMORANDUM; EXHIBIT A |
| v. | Trial Date: October 7, 2025 |
| ALEXANDRIA DEMETRIUS AUGUSTINE, | Trial Time: 9:00 a.m. |
| Defendant. | Location:  Courtroom of the Hon. Karen L. Stevenson |

        Plaintiff United States of America, by and through its counsel
of record, the Acting United States Attorney for the Central District
//
//
//

of California and Assistant United States Attorneys Patrick D. Kibbe
and Christopher R. Jones, hereby files its Trial Memorandum.

                            Respectfully submitted,

                            BILAL A. ESSAYLI
                            Acting United States Attorney

                            JOSEPH T. MCNALLY
                            Assistant United States Attorney
                            Acting Chief, Criminal Division

                                _/s/_
                            PATRICK D. KIBBE
                            CHRISTOPHER R. JONES
                            Assistant United States Attorneys

                            Attorneys for Plaintiff
                            UNITED STATES OF AMERICA

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.    INTRODUCTION

3       Defendant ALEXANDRIA DEMETRIUS AUGUSTINE ("Defendant") will soon

4   stand trial for simple assault on Federal Protective Service ("FPS")

5   Inspector A.G., a federal officer, in violation of 18 U.S.C.

6   § 111(a)(1).  The charge (Count One) is a Class A misdemeanor, to be

7   decided by the jury.  Defendant is also charged with Causing a

8   Disturbance by Impeding or Disrupting the Performance of Official

9   Duties by Government Employees, in violation of 40 U.S.C. § 1315(c)

10   and 41 C.F.R. § 102-74.390(c) (Count Two); and Failing to Comply with

11   Official Signs and Directions, in violation of 40 U.S.C. § 1315(c)

12   and 41 C.F.R. § 102-74.385 (Count Three). These charges are Class C

13   misdemeanors, to be decided by the Court.[1] Fed. R. Crim P.

14   58(b)(2)(F); Lewis v. United States, 518 U.S. 322, 323 (1996).

15       This is a simple case.  During the day and evening of July 24,

16   2025, protestors were gathered near the Roybal Federal Building and

17   Courthouse, including the "apron" area of the loading dock on Alameda

18   Street.  FPS officers repeatedly told protestors, including

19   Defendant, not to enter federal property.  In addition, General

20   Services Administration ("GSA") regulations were posted on a pillar

21   in the apron area.  However, protestors continued to come onto

22   federal property, including to write graffiti on the ground.

23       At approximately 11:20 pm, a group of protestors came on to the

24   apron.  One of the protestors shone a high-intensity flashlight at

25

26   ─────────────────

27       [1] A First Superseding Information that charged Defendant with
Counts Two and Three was filed on September 29, 2025, and a copy was
provided to defense counsel that day.  The docket has not yet

28   reflected the filing of the First Superseding Information, which is
attached to this Trial Memorandum as Exhibit A.

FPS officers. FPS officers approached the group of protestors and told them to get off federal property.  As the officers were attempting to move the protestors off federal property, Defendant ran across the street and sidewalk onto federal property and opened an umbrella between the officers and the group of protestors.

FPS Inspector A.G. approached Defendant, and Defendant pushed her umbrella toward him.  Inspector A.G. grabbed the umbrella, tearing the fabric away.  Defendant then threw the skeleton of the umbrella at Inspector A.G., striking him in his arm and chest, as Inspector A.G. attempted to block it from him hitting him.

Trial is set to commence on October 7 at 9:00 a.m.

II.  **Length of Trial and Number of Witnesses**

A.  **Government Case**

The government estimates that presentation of its case-in-chief will take approximately 45 minutes, not including defense's cross-examination.  The government currently anticipates calling the following three witnesses in its case-in-chief:

- FPS Inspector A.G. (victim)
- FPS Assistant Program Manager Anthony Sermons
- FPS Inspector Lucas Riley

The government will seek to admit approximately 6-10 exhibits, which will include surveillance video, social media video, still photos from the videos, and the umbrella Defendant threw at FPS Inspector A.G.

2

**B.    Defense Case**

The defense case appears to be based on collateral issues and/or a theory of self-defense.  These issues are addressed more fulsomely in the Government's Motion to Exclude Defense Expert Testimony, Motion to Exclude Post-Arrest Evidence, and Motion to Preclude Self-Defense.

**III. Resolution of Class A and C Misdemeanors**

Count 1 charges Defendant with Simple Assault on a Federal Officer, a class A misdemeanor. Defendant has elected to proceed before a magistrate judge.  Dkt. 27, 28.  Defendant has a right for this charge to be decided by a jury and has so elected.  Fed. R. Crim. P. 58(b)(2)(F).

Counts Two and Three charge Defendant with Class C misdemeanors for impeding officers and failing to follow lawful directions.  The Class C misdemeanors are petty offenses.  18 U.S.C. § 19 ("the term 'petty offense' means a Class B misdemeanor, a Class C misdemeanor, or an infraction"); 18 U.S.C. § 3559(a)(8) (classifying offense with term of imprisonment of more than 5 but less 30 days as a Class C misdemenor).   Defendants charged with petty offenses are not entitled to proceed before a district court judge, and thus, consent to proceed before a magistrate judge is unnecessary.  18 U.S.C. § 3401(b), 28 U.S.C. § 636(a), Fed. R. Crim. P. 58(b)(2)(E)(i).  The right to a jury trial is also unavailable.  Fed. R. Crim P. 58(b)(2)(F); Lewis v. United States, 518 U.S. 322, 330 (1996). The

Speedy Trial Act is not applicable to petty offenses.  (18 U.S.C. §§ 3161, 3172(2)).

Because the same, short sequence of events underlies all three of the charges, the Government proposes having only one trial where the evidence is presented to the jury and Court at once, rather than two separate trials.  The Government proposes that in the voir dire, opening arguments, closing arguments, and jury instructions, only Count One is presented to the jury.  The Government proposes that the parties present separate arguments to the Court regarding Counts Two and Three, outside the presence of the jury.

The Government submits that the only evidence to support the charges in Counts Two and Three that would not otherwise be presented to the jury in relation to their deliberation on Count One, are photo exhibits and testimony to show that GSA regulations were conspicuously posted in the area of the Roybal Federal Building "apron" where the incident took place to satisfy the "posting" elements of Counts Two and Three, which is discussed further below. If necessary, the Government may also seek to admit testimony that Defendant was advised on previous dates not to be on federal property at Roybal, because actual notice is an alternate way that posting element can be satisfied for Counts Two and Three.  The Government proposes that this evidence and testimony could be taken outside of the presence of the jury and will not take long to present.

4

## IV.  APPLICABLE LAW

### A.   Count One: 18 U.S.C. § 111(a) – Simple Assault on a Federal Officers

#### 1.   General

18 U.S.C. § 111(a) makes it crime when someone "forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title [officers and employees of the United States] while engaged in or on account of the performance of official duties."  When the acts constitute "simple assault," as charged here, the maximum term of imprisonment is one year.  18 U.S.C. § 111(a)(2).

#### 2.   Elements of the offense

The elements of the offense are (1) Defendant forcibly assaulted A.G.; and (2) Defendant assaulted A.G. while A.G. was engaged in, or on account of, his official duties.

If defense makes a prima facie showing of a claim of self-defense against excessive force, the Government must prove a third element: (3) Defendant did not act in reasonable self-defense.

#### 3.   Mens Rea

Section 111 is a general intent crime in the Ninth Circuit, and no intent to injure is required to prove this offense. United States v. Sanchez, 914 F.2d 1355, 1358 (9th Cir. 1990).

#### 4.   Anticipated Evidence

The evidence will show that Defendant threw the skeleton of her umbrella at Inspector A.G., while Inspector A.G. was performing, and

5

on account of, his official duties as an FPS officer, and that the skeleton of the umbrella struck Inspector A.G. in the arm and chest, constituting simple assault.

**B.    Count Two: 41 C.F.R. § 102-74.390(c) – Impeding or Disrupting Federal Employees in the Performance of Their Duties**

1.    General

41 C.F.R. § 102-74.390(c) makes it unlawful to engage in conduct that "impedes or disrupts Government employees in the performance of their official duties."

2.    Elements of the Offense

The elements of the offense are (1) the conduct occurred on government property under the authority of General Services Administration; (2) the regulation proscribing the conduct was posted in a conspicuous place on the property; (3) Defendant acted knowingly and willfully; (4) FPS officers affected were government employees; and (5) Defendant's conduct impeded or disrupted FPS officers in the performance of their official duties.  41 C.F.R. § 102-74.390(c); United States v. Brice, 926 F.2d 925, 928 (9th Cir. 1991).

*a.  Posting*

The posting of regulations governing conduct on property under the authority of GSA is an element of the offense.  The enabling statute (40 U.S.C. § 1315 (c)(1)) contains a provision that makes the authorization to promulgate regulations dependent on their posting. As a result, the government must prove that the signs are posted in a

6

1  place "reasonably calculated to impart the information in question."

2  United States v. Bischel, 395 F.3d 1053, 1055 (9th Cir. 2005)

3  (quoting United States v. Strakoff, 719 F.2d 1307, 1309 (5th Cir.

4  1983)).  In the absence of posting, however, actual notice may

5  establish this element of the violation.  Bischel, 395 F.3d at 1057.

6          3.  Mens Rea

7      This offense is not a specific intent crime, and the government

8  need only show that Defendant knowingly and willfully performed the

9  proscribed conduct.  See United States v. Brice, 926 F.2d 925, 929-30

10  (9th Cir. 1991).

11         4.  Anticipated Evidence

12     The evidence will show that on July 24, 2025, at approximately

13  11:20 pm, as FPS officers were attempting to move the protestors off

14  federal property, Defendant ran across the street and sidewalk onto

15  federal property and opened an umbrella between the officers and the

16  group of protestors, impeding and disrupting the performance of the

17  FPS officers' official duties. The evidence will show that GSA

18  regulations were conspicuously posted and Defendant had actual notice

19  not to enter federal property.

20  **C.   Count Three: 41 C.F.R. § 102-74.385 - Conformity with**

21  **       Directions**

22         1.  General

23     41 C.F.R. § 102-74.385 makes it unlawful for a person to ignore

24  "official signs of a prohibitory, regulatory or directory nature and

25  with the lawful direction of Federal police officers and other

26                                7

27

28

authorized individuals." <u>United States v. Bichsel</u>, 395 F.3d 1053, 1056 (9th Cir. 2005).

### 2. Elements of the Offense

The elements of the offense are Defendant (1) knowingly and willingly failed to follow failed to follow official signs of a prohibitory, regulatory or directory nature or the lawful direction of a Federal police officer or other authorized individual, (2) on property under the authority of GSA, and (3) the signs prohibiting such an act were conspicuously posted. 41 C.F.R. § 102-74.385.

#### a. Posting

The posting of regulations governing conduct on property under the authority of GSA is an element of the offense. The enabling statute (40 U.S.C. § 1315 (c)(1)) contains a provision that makes the authorization to promulgate regulations dependent on their posting. As a result, the government must prove that the signs are posted in a place "reasonably calculated to impart the information in question." <u>United States v. Bischel</u>, 395 F.3d 1053, 1055 (9th Cir. 2005) (quoting <u>United States v. Strakoff</u>, 719 F.2d 1307, 1309 (5th Cir. 1983)). In the absence of posting, however, actual notice may establish this element of the violation. <u>Bischel</u>, 395 F.3d at 1057.

#### b. Lawful Direction

The Ninth Circuit has explained that "basic principles of due process" likely require that any "lawful direction" under 41 C.F.R. § 102-74.385 contain all, or many, of the following qualities: (1) "officers gave defendants an unambiguous command (often multiple

8

times)"; (2) "officers ensured that the command was understood";
(3) "officers communicated that defendants would be arrested for
failing to comply with an order"; and (4) "defendants were given a
reasonable opportunity to comply." United States v. Huizar, 762 Fed.
App'x 391, 392 (9th Cir. Feb. 27, 2019).

      3.   Mens Rea

This offense is not a specific intent crime, and the government
need only show that defendant knowingly and willfully performed the
proscribed conduct.  See United States v. Brice, 926 F.2d 925, 929-30
(9th Cir. 1991).

      4.   Anticipated Evidence

The Government will introduce exhibits and testimony that the
GSA regulations were conspicuously posted in the apron area of the
Roybal Federal Building, which federal property under the authority
of the GSA.  In addition, the Government will introduce testimony
that FPS officers repeatedly warned Defendant not to come on to
federal property.  Thus, the evidence will show that in this case the
posting requirement was met, and Defendant was given actual notice
not to unlawfully enter federal property.  In addition, the
Government will offer video evidence and testimony that Defendant
failed to follow the lawful directions of FPS officers by coming onto
federal property.

## V.    PENALTIES

### A.    Count One – Class A Misdemeanor

A Class A misdemeanor under Title 18 of the U.S. Code is punishable by a maximum of one year of imprisonment to be followed by a one-year period of supervised release; five years of probation; a fine of $100,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $25.

### B.    Counts Two and Three – Class C Misdemeanors

A person found guilty of violating the charged regulation shall not be fined more than $5,000, imprisoned for not more than thirty days, or both.  18 U.S.C. §§ 3559(a)(8), 3571(b)(6); 41 C.F.R. § 102-74.450.  A special assessment of $5.00 is mandatory for Class C misdemeanor convictions.  18 U.S.C. § 3013(a)(1)(A)(i).

The Court can also sentence Defendant to a term of probation of up to five years.  See 18 U.S.C. § 3561(c)(2) (authorizing five-year probation term for misdemeanor).  If the Court sentences Defendant to probation, it must impose the mandatory conditions of 18 U.S.C. § 3563(a) on Defendant.  The Court may also impose discretionary probationary conditions.  The Court cannot impose supervised release for a violation of the offense because it is a Class C misdemeanor. See 18 U.S.C. § 19 (defining "petty offense" to include "a Class C misdemeanor . . . for which the maximum fine is no greater than the amount set forth for such offense in section 3571(b)(6)"); 18 U.S.C.

§ 3583(b)(3) (excluding "petty offense[s]" from authorized terms of supervised release).

**VI.   PRETRIAL MOTIONS**

    **A.   Government Motions**

        1.   Motion to Exclude Expert Testimony.

        2.   Motion to Preclude Self-Defense Arguments.

        3.   Motion to Exclude Post-Assault Evidence.

    **B.   Defense Motions**

        1.   Motion to Dismiss Counts Two and Three.

        2.   Motion to Compel Grand Jury Transcripts and Personnel Files.

        3.   Motion for Jury Trial on All Counts.

**VII. LEGAL AND EVIDENTIARY ISSUES**

    **A.   Defendant's Statements**

The government will be admitting statements made by defendant. A defendant's out-of-court statements are admissible if offered against her by the government.  Fed. R. Evid. 801(d)(2)(A).

    **B.   Scope of Cross-Examination of Defendant**

If the defendant testifies at trial, she waives her right against self-incrimination, and the government will cross-examine her on all matters reasonably related to the subject matter of his testimony. See, e.g., Fitzpatrick v. United States, 178 U.S. 304 (1971) ("The defendant cannot assert a self-incrimination privilege 'on matters reasonably related to the subject matter of his cross-examination.'"); United States v. Black, 767 F.2d 1334, 1341 ("What

the defendant actually discusses on direct does not determine the extent of permissible cross-examination or his waiver. Rather, the inquiry is whether 'the government's questions are reasonably related' to the subjects covered by the defendant's testimony.") (internal quotations and citation omitted).

The scope of cross-examination is within the discretion of the trial court. Fed. R. Evid. 611(b). The defendant has no right to avoid cross-examination on matters that call into question her claim of innocence. United States v. Mehrmanesh, 682 F.2d 1303, 1310 (9th Cir. 1982); United States v. Miranda-Uriarte, 649 F.2d 1345, 1353-54 (9th Cir. 1981). The government may introduce evidence should defendant "open the door." See United States v. Alexander, 48 F.3d 1477, 1488 (9th Cir. 1995), as amended on denial of reh'g (Apr. 11, 1995) ("When a defendant takes the stand and denies having committed the charged offense, he places his credibility directly at issue.").

C.    Jury Nullification

Defendant is free to argue that the evidence presented at trial is insufficient to support a guilty verdict. But defendant should not be permitted to make arguments or introduce evidence that are irrelevant to the elements of the charged offenses and instead designed to promote jury nullification.  The Court should exclude any evidence or argument relating to any possible jury nullification defense, including for example, related to defendant's age, personal circumstances, political or policy positions, or possible penalty on conviction.

12

It is well-established that a defendant does not have a right to a jury nullification instruction.  United States v. Navarro-Vargas, 408 F.3d 1184, 1198 (9th Cir. 2005) (citing cases and noting that courts have "uniformly rejected" requests for jury nullification instructions); United States v. Blixt, 548 F.3d 882, 890 (9th Cir. 2008) (finding it proper to instruct the jury to disregard nullification argument).

Having no right to seek jury nullification, defendant has no right to make jury nullification arguments or present evidence relevant only to such a strategy.  See United States v. Scarmazzo, 554 F. Supp. 2d 1102, 1107 (E.D. Cal. 2008) ("Neither a [d]efendant nor his attorney has a right to present evidence that is irrelevant to a legal defense to, or an element of, the crime charged."), aff'd sub nom. United States v. Montes, 421 F. App'x 670 (9th Cir. 2011); see also Zal v. Steppe, 968 F.2d 924, 930 (9th Cir. 1992) (Trott, J., concurring) ("Verdicts must be based on the law and the evidence, not on jury nullification as urged by either litigant." (citing Chandler v. Florida, 449 U.S. 560, 574 (1981))).  Indeed, trial courts "have a duty to forestall or prevent" jury nullification, including by preventing "impermissible" defense questioning or argument.  United States v. Lynch, 903 F.3d 1061, 1079-80 (9th Cir. 2018) (citation omitted).  And, in any event, under Federal Rules of Evidence 401 and 403, such arguments or evidence are not relevant to any valid defense to the offense charged and will unnecessarily confuse the issues and mislead the jury.

13

Therefore, the Court should exclude any evidence or arguments that are irrelevant to the elements of the charged offenses and instead designed to promote jury nullification.

**VIII.    CONCLUSION**

The United States respectfully requests leave to supplement this trial memorandum as necessary.

14