1  CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
2  REBECCA M. ABEL (Bar No. 298604)
(E Mail:  rebecca_abel@fd.org)
3  ADEN KAHSSAI (NV Bar No. 15581)
(E-Mail: aden_kahssai@fd.org)
4  Deputy Federal Public Defenders
321 East 2nd Street
5  Los Angeles, California 90012-4202
Telephone:  (213) 894-2854
6  Facsimile:  (213) 894-0081

7  Attorneys for Defendant
ALEXANDRIA AUGUSTINE

8

9

10              UNITED STATES DISTRICT COURT

11              CENTRAL DISTRICT OF CALIFORNIA

                   WESTERN DIVISION
12

13  UNITED STATES OF AMERICA,            Case No. 2:25-cr-00678-KS

14              Plaintiff,               **DEFENDANT'S OPPOSITION TO
                                         GOVERNMENT'S MOTION *IN
15         v.                            LIMINE* TO PRECLUDE SELF-
                                         DEFENSE**
16
                                         **Trial Date:** October 7, 2025
17  ALEXANDRIA AUGUSTINE,

18              Defendant.

19

20

21

22

23

24

25

26

27

28

## I.    INTRODUCTION

"The prima facie burden [to raise a theory of self-defense] is not a high one." *United States v. Sanchez-Lima*, 161 F.3d 545, 549 (9th Cir. 1998) (finding that a defendant is entitled to this instruction when "there is any foundation in the evidence, even though the evidence may be weak, insufficient, inconsistent, or of doubtful credibility."). The evidence in this case more than exceeds this low threshold.  Ms. Augustine can establish that she has a viable theory of self-defense because Officer Guiterrez engaged in an excessive use of force.  *See* 9th Cir. Model Jury Instructions 5.10, 8.3.  The Court should therefore deny the government's motion, allow Ms. Augustine to present such a defense, and permit the jury to resolve this factually laden dispute.

## II.    LEGAL STANDARD

"[A] defendant is entitled to an instruction as to any recognized defense for which there exists evidence sufficient for a reasonable jury to find in his favor." *Mathews v. United States*, 485 U.S. 58, 63 (1988); *United States v. Chi Tong Kuok*, 671 F.3d 931, 947 (2012) ("Factfinding is usually a function of the jury, and the trial court rarely rules on a defense as a matter of law." (internal citation omitted)).  "The legal standard is generous [because] a defendant is entitled to an instruction concerning his theory of the case if the theory is legally sound and evidence in the case makes it applicable, even if the evidence is weak, insufficient, inconsistent, or of doubtful credibility.  A defendant needs to show only that there is evidence upon which the jury could rationally sustain the defense." *United States v. Houston*, 648 F.3d 806, 816 (9th Cir. 2011) (quoting *United States v. Kayser*, 488 F.3d 1070, 1076 (9th Cir. 2007)).  "If there are factual disputes in the record, the court is not permitted to weigh the evidence, make credibility determinations, or resolve conflicts in the proof.  If the parties argue competing inferences, the court must draw *all* reasonable inferences in favor of the defendant's theory." *United States v. Perez-Rodriguez*, 13 F.4th 1, 19 (1st Cir. 2021) (internal quotation marks omitted); *United States v. Butler*, 2025 WL 621892, at *9

1

1   (N.D. Cal. Feb. 26, 2025) ("In making this determination about the adequacy of the

2   *prima facie* case [for self-defense], the evidence is 'construed in the light most

3   favorable' to the defendant." (quoting *United States v. Ehmer*, 87 F.4th 1073, 1130 (9th

4   Cir. 2023))).  Thus, when a court considers the sufficiency of self-defense, it "must

5   accept [the defendant's] proffer as true in its entirety." *Kuok*, 671 F.3d at 947.

6          "[F]or purposes of Section 111, . . . [an] individual may make out an affirmative

7   defense of self-defense against a federal law enforcement official who uses excessive

8   force in a narrow range of circumstances." *United States v. Acosta-Sierra*, 690 F.3d

9   1111, 1126 (9th Cir. 2012); *United States v. Span*, 970 F.2d 573, 577 (9th Cir. 1992)

10  ("[T]he model instruction [8.3] would be inappropriate in a case where a defendant's

11  theory of the case is self-defense against the use of *excessive* force by a federal law

12  enforcement officer.").[1]  To offer an excessive force self-defense, a defendant need

13  only offer some—even weak, inconsistent, or insufficient—evidence to show: "(1) a

14  reasonable belief that the use of force was necessary to defend himself or another

15  against the immediate use of unlawful force and (2) the use of no more force than was

16  reasonably necessary in the circumstances." *Acosta-Sierra*, 690 F.3d at 1126 (internal

17  quotation omitted); *United States v. Burleson*, No. 17-10319, 2023 WL 5275176, at *4

18  (9th Cir. Aug. 16, 2023) (repeating the standard); *Span*, 970 F.2d 580 (noting that an

19  individual has a right to offer reasonable resistance to arrest that is triggered by the

20  officer's bad faith or provocative conduct).  The defendant does ***not*** need to

21  demonstrate that the force was excessive as a matter of law.  Unlike in the civil context,

22  whether the force was unlawful is judged from the perspective of the defendant, ***not***

23  from the perspective of an officer.  *United States v. Celentano*, 126 F.4th 680, 687

24  (D.C. Cir. 2025) ("[T]he instruction given to the jury on the defense of another

25  improperly required the jury to consider the use of force from a reasonable officer's

26  _____

27          [1] The government incorrectly states that "…defense has included the Ninth
    Circuit Model Jury Instruction No. 8.3 (Self-Defense) in their Joint Proposed Jury
28  Instructions." Dkt. 37 at footnote 1. The defense is seeking an instruction on the Ninth
    Circuit Model Jury Instruction No. 5.10 (Self-Defense) (2022 ed.)

                                               2

1 | perspective, rather than from Celentano's perspective.")  For a pretrial offer of proof,
2 | there need only be some evidence from which a jury could "find that the defendant
3 | actually and reasonably believed the officer was using excessive force." *United States*
4 | *v. Celentano*, 126 F.4th 680, 687 (D.C. Cir. 2025) (citing and relying on *Acosta-Sierra*,
5 | 690 F.3d at 1126).  The only limitation is that "an individual who is the attacker cannot
6 | make out a claim of self-defense as a justification for an assault." *Acosta-Sierra*, 690
7 | F.3d at 1126.

8 |      For the reasons stated below, Ms. Augustine has put forth some evidence from
9 | which a jury could conclude that she actually and reasonably believed Officer Gutierrez
10 | used excessive force on her, and she reasonably responded by using no more force than
11 | necessary.

**III.   ARGUMENT**

13 |      The anticipated evidence at trial meets the low threshold required for Ms.
14 | Augustine to present a self-defense defense.  The Court should not preclude this
15 | defense at trial, and the jury should be instructed accordingly.  Failing to instruct on
16 | self-defense when there is any evidence to support it is reversible error.  *United States*
17 | *v. Pierre*, 254 F.3d 872, 876 (9th Cir. 2001).

18 | **A.   Ms. Augustine has provided sufficient evidence from which a jury**
19 |      **Officer Guiterrez used excessive force.**

20 |      To bring a theory of self-defense against a charge of assault of a federal
21 | employee, Ms. Augustine can establish that Officer Guiterrez used excessive force
22 | against her.

23 |      As the government's own evidence shows, Officer Gutierrez was the initial
24 | aggressor. (Exs. A, B.)  He approached Ms. Augustine, who the government admits
25 | was protecting protestors from the oncoming at least six officers.  (Id.)  He was shining
26 | a flashlight in her eyes.  (Id.)  She was holding an open umbrella in her hands.  (Id.)
27 | With his flashlight in his right hand, Officer Gutierrez grabs the umbrella with his left
28 | hand.  (Ex. A.)  Ms. Augustine does not immediately release the umbrella, so Officer

3

1   Gutierrez pulls it again.  (Ex. B.)  This second time, Officer Gutierrez used enough

2   force to rip the fabric off of the umbrella and brake off spindles from the remaining

3   stem.  (Exs. A, C.)

4        In the position of Ms. Augustine, she was protecting her fellow protestors when

5   Officer Gutierrez approached and for no apparent reason, grabbed her umbrella out of

6   her hands, pulling it hard enough to brake it.  Ms. Augustine was not the aggressor, nor

7   did she take any action against him, let alone any act that would warrant Officer

8   Gutierrez' physical contact.  This evidence is sufficient for a jury to rationally conclude

9   that the government cannot prove beyond a reasonable doubt that Ms. Augustine

10  "actually and reasonably believed [Officer Gutierrez] was using excessive force."

11  *Celentano*, 126 F.4th at 687.

12  **B.    There is sufficient evidence to establish that Ms. Augustine believed**

13  **that she needed to defend herself against Officer Guiterrez's use of**

14  **unlawful force.**

15       Ms. Augustine needs to establish only that a reasonable jury *could* find that he

16  had a "reasonable belief that the use of force was necessary to defend [herself] against

17  the immediate use of unlawful force."  *See* 9th Cir. Model Instructions Nos. 5.10;

18  *Acosta-Sierra*, 690 F.3d at 1126.  In assessing reasonableness of a defendant's belief, it

19  "is not assessed in the abstract. Rather, any assessment of the reasonableness of a

20  defendant's actions must take into account the defendant's particular circumstances, at

21  least to a certain extent." *United States v. Lopez*, 913 F.3d 807, 819-20 (9th Cir. 2019)

22  (internal quotation omitted).

23       As set forth above, Officer Guiterrez met Ms. Augustine with unlawful force

24  during a protest. She was unarmed. She did not make threats. Yet, when she joined her

25  fellow protestors in an attempt to protect them from the oncoming officers, a visibly

26  agitated Officer Guiterrez advanced on her, moving aggressively with a flashlight, and

27  took hold of an umbrella she used to block his flashlight and ripped her umbrella apart.

28  At that moment, Ms. Augustine had no guarantee that Guiterrez's force would remain

4

limited; to the contrary, he continued to approach her along with at least 6 other officers. Ms. Augustine, while continuing to back up, tried to pull the handle back and faced with more force, released what was left of the umbrella. In releasing the umbrella, she was creating distance between herself and Officer Guiterrez, to defend herself against an immediate and unlawful use of excessive force. Given his demeanor—hostile approach, aggressive posture, and physicality against her in ripping the umbrella—it was entirely reasonable for her to believe she was about to be subjected to harm.

At most, the government's version of events (*See* Trial Brief at 1), along with the defense's theory of self-defense, creates a factual dispute that the jury, not the Court, must resolve. *See Chi Tong Kuok*, 671 F.3d at 947 ("Factfinding is usually a function of the jury, and the trial court rarely rules on a defense as a matter of law."). Because the threshold is so low for a theory of self-defense, because all inferences must be drawn in her favor, and because additional evidence is likely to develop at trial, Ms. Augustine has made a sufficient showing that the government cannot prove beyond a reasonable doubt that Ms. Augustine reasonably believed her use of force was necessary to defend herself against Officer Gutierrez' continued force.

**C.    Ms. Augustine did not use more force than necessary.**

Evidence in this case supports that Ms. Augustine did not use more force than necessary, and Ms. Augustine can meet her burden on this final prong for a theory of self-defense. *See* 9th Cir. Model Instructions Nos. 5.10.

There is no injury in this case. Officer Guiterrez admits that he suffered none. Notably, Ms. Augustine did not strike Officer Guiterrez, advance on him, or escalate the situation. In fact, in Officer Gutierrez' own report he admits the umbrella struck him only when he held out his arm to block it. (Dkt. No. 44, Ex. A at 3.) She sought only to protect herself from the aggressive ripping of her umbrella. The force used was necessary given the circumstances. Even based on the government's version of events,

1   Ms. Augustine used the umbrella as a shield.  That was the full extent of her "force,"

2   and its hard to imagine what less she could have done in these circumstances.

3       For these reasons, Ms. Augustine has made a prima facie showing that the

4   government cannot prove beyond a reasonable doubt that she used more force than was

5   necessary, and the Court should not exclude a self-defense defense.

6   **D.    Nothing requires Ms. Augustine to make an offer of proof to the**

7           **government and the government's response to Ms. Augustine's**

8           **proffered evidence is irrelevant to the Court's analysis.**

9       As a final point, Ms. Augustine is required to make an offer of proof for self-

10  defense to the Court, not the government, and any response the government may have

11  to the facts alleged in Ms. Augustine's offer of proof is not relevant.  *See United States*

12  *v. Perez-Rodriguez*, 13 F.4th 1, 19 (1st Cir. 2021) ("If the parties argue competing

13  inferences, the court must draw *all* reasonable inferences in favor of the defendant's

14  [defense] theory." (emphasis added)); *Kuok*, 671 F.3d at 947 ("[A court] must accept

15  [the defendant's] proffer as true in its entirety."); *Butler*, 2025 WL 621892, at *9

16  (holding a defendant met his low burden to establish a prima facie case for self-defense

17  and explaining that, for a "*prima facie* case [of self-defense], the evidence is 'construed

18  in the light most favorable' to the defendant" (quoting *Ehmer*, 87 F.4th at 1130))).  That

19  is because the Court must draw *every* reasonable inference in favor of Ms. Augustine.

20  *Id.*

21       As discussed above, this "legal standard is generous [because] a defendant is

22  entitled to an instruction concerning [her] theory of the case if the theory is legally

23  sound and evidence in the case makes it applicable."  *Houston*, 648 F.3d at 816.  This

24  applies "even if the evidence is weak, insufficient, inconsistent, or of doubtful

25  credibility."  *Id.* ("A defendant needs to show only [the court] that there is evidence

26  upon which the jury could rationally sustain the defense.").

27

28

1    Accordingly, this Court should conclude that Ms. Augustine has met her low

2  burden to establish a prima facie case for self-defense, and leave the government's

3  arguments in opposition to the jury.

### IV.    CONCLUSION

5    Ms. Augustine acted in self-defense on July 24, 2025.  The evidence at trial will

6  support this defense and Ms. Augustine has made a prima facie showing of the

7  elements of self-defense.  The Court should deny the Government's Motion *In Limine*

8  and permit Ms. Augustine to raise a theory of self-defense at trial, and the jury should

9  be instructed accordingly.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: October 2, 2025          By  */s/ Rebecca Abel*
                                    Rebecca Abel
                                    Aden Kahssai
                                    Deputy Federal Public Defenders