1  BILAL A. ESSAYLI
Acting United States Attorney
2  JOSEPH T. MCNALLY
Assistant United States Attorney
3  Acting Chief, Criminal Division
PATRICK D. KIBBE (Cal. Bar No. Pending)
4  CHRISTOPHER R. JONES (Cal. Bar. No. 343374)
Assistant United States Attorneys
5  General Crimes Section
1200 United States Courthouse
6  312 North Spring Street
Los Angeles, California 90012
7  Telephone:     (213) 894-6482 / (213) 894-7383
Facsimile:     (213) 894-0141
8  Email:   patrick.kibbe@usdoj.gov
           christopher.jones4@usdoj.gov
9
Attorneys for Plaintiff
10  UNITED STATES OF AMERICA

11                  UNITED STATES DISTRICT COURT

12             FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 13  UNITED STATES OF AMERICA, | No. 2:25-cr-00678-KS |
| 14        Plaintiff, | GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS |
| 15            v. | |
| | Trial Date:   October 7, 2025 |
| 16  ALEXANDRIA DEMETRIUS AUGUSTINE, | Trial Time:   9:00 am |
| | Location:   Courtroom of the |
| 17        Defendant. | Hon. Karen L. Stevenson |
| 18 | |

19

20        Plaintiff United States of America, by and through its counsel

21  of record, the Acting United States Attorney for the Central District

22  of California and Assistant United States Attorneys Patrick D. Kibbe

23  and Christopher R. Jones, hereby files its opposition to defendant's

24  Motion to Dismiss Counts 2 and 3.  (Dkt. 32 ("MTD")).

25        The Court should deny defendant's Motion.  Counts 2 and 3 are

26  not multiplicitous because they have different elements, as detailed

27  below.  Further, while the government does not believe that Count 3

28  is duplicitious, it nevertheless clarifies that it will proceed on a

1  failure to follow lawful direction theory, not a signage theory,

2  which should resolve the dispute.  Consistent with the position of

3  many other courts, defendant's as applied vagueness challenge should

4  be rejected because she should have been on notice that her conduct -

5  - running onto federal property to prevent an officer from removing

6  protestors and then throwing the metal skeleton of an umbrella at him

7  -- could be considered criminal.  Finally, defendant's non-delegation

8  challenge fails because, as many courts have held, the authorizing

9  statute for the regulations in Counts Two and Three provides an

10  intelligent principle that contains executive discretion.  The

11  defendant's Motion should be denied.

12  **I.    COUNTS TWO AND THREE OF THE FIRST SUPERSEDING INFORMATION ARE**

13  **NOT MULTIPLICITOUS**

14      Counts Two and Three of the First Superseding Information are

15  not multiplicitous because they are different crimes that have

16  different elements (and which are predicated on different conduct).

17      "An indictment is multiplicitous if it charges a single offense

18  in multiple counts." United States v. Wahchumwah, 710 F.3d 862, 868

19  (9th Cir. 2013).  The parties appear to agree that the answer to this

20  inquiry is governed by the test set forth in Blockburger v. United

21  States, 284 U.S. 299, 304 (1932).  See MTD at 2.  "Under that test,

22  'where the same act or transaction constitutes a violation of two

23  distinct statutory provisions,' we ask 'whether each provision

24  requires proof of a fact which the other does not.' 'If two different

25  criminal statutory provisions ... punish the same offense or one is a

26  lesser included offense of the other, then conviction under both is

27  presumed to violate congressional intent.' '[T]he Court's application

28

1   of the test focuses on the statutory elements of the offense.   If

2   each requires proof of a fact that the other does not, the

3   Blockburger test is satisfied, notwithstanding a substantial overlap

4   in the proof offered to establish the crimes.'"   Wahchumwah, 710 F.3d

5   at 868–69 (citations omitted).

6        Here, Counts Two and Three have different elements and thus

7   satisfy the Blockburger test.   Count Two charges defendant with

8   violating 41 C.F.R. § 102-74.390(c), which, as relevant here,

9   prohibits "persons entering in or on Federal property" from

10  "exhibiting other conduct on property that . . . [o]therwise impedes

11  or disrupts the performance of official duties by Government

12  employees."   The elements of Count Two are: (1) the conduct occurred

13  on government property under the authority of General Services

14  Administration; (2) the regulation proscribing the conduct was posted

15  in a conspicuous place on the property; (3) Defendant acted knowingly

16  and willfully; (4) the FPS officers affected were government

17  employees; and (5) Defendant's conduct impeded or disrupted FPS

18  officers in the performance of their official duties. 41 C.F.R.

19  § 102-74.390(c); United States v. Brice, 926 F.2d 925, 928 (9th Cir.

20  1991).

21       Count Three charges defendant with violating 41 C.F.R. § 102-

22  74.385, which makes it unlawful for persons in and on federal

23  property to fail to "comply with official signs of a prohibitory,

24  regulatory or directory nature and with the lawful direction of

25  Federal police officers and other authorized individuals."   "To prove

26  a violation of § 102-74.385, the Government must show '(a) that the

27  incident occurred on federal property; (b) that the defendant failed

28

3

1 | to comply with either (i) an official sign of a prohibitory,
2 | regulatory, or directory nature; or (ii) the lawful direction of
3 | federal police officers and other authorized individuals; and (c)
4 | that the defendant acted unlawfully, willfully, and knowingly.'"
5 | United States v. Kittel, No. 6:19-CR-00240-MK, 2021 WL 3823185, at *7
6 | (D. Or. Aug. 26, 2021) (citing 41 C.F.R. § 102-74.385).[1]
7 | Counts Two and Three have different elements that "requires
8 | proof of a fact that the other does not." Wahchumwah, 710 F.3d at
9 | 869. To prove Count Two, the government must prove, among other
10 | things, that the defendant's "conduct impeded or disrupted" FPS
11 | officers in the performance of their official duties. This element
12 | focuses on affirmative conduct by the defendant to impede or disrupt
13 | an officer. As discussed in the government's trial brief and during
14 | the hearing that the Court held on October 2, 2025, Count Two is
15 | based on on defendant running across the street and opening her
16 | umbrella between the FPS officers and a group of protestors while
17 | officers were trying to remove the protestors from federal property.
18 | (Dkt. 42 at 7 ("Trial Br.")). This action -- using an umbrella to
19 | impede law enforcement -- does not depend upon any sort of
20 | instruction or directive from law enforcement, and is not required to
21 | prove Count Three.
22 | By contrast, to prove Count Three, the government must prove, as
23 | relevant here (see n.1), that defendant failed to comply with the
24 | lawful direction of federal police officers or authorized
25 | individuals. As explained in the government's trial brief and at the
26 | hearing held on October 2, 2025, Count Three is based on repeated

27

28 | [1] As discussed below, the government will proceed on the lawful direction theory but not the posted singage theory.

1  warnings from law enforcement officers that defendant was not

2  permitted to be on federal property.  (Trial Br. at 11.)  Failure to

3  abide by these commands is a separate inquiry from whether defendant

4  impeded or disrupted law enforcement, and is not required to prove

5  Count Two.  For example, just because an officer warns someone to

6  exit federal property, it does not follow that the person impeded or

7  disrupted law enforcement.  To take another example, one could also

8  impede or disrupt law enforcement in the absence of a warning from

9  law enforcement (e.g., by standing in front of a moving government

10 vehicle with no instruction not to do so) and be charged with

11 violating Count Two but not Count Three.

12      Case law supports the government's position.  In United States

13 v. Cruscial, No. 3:18-CR-00465-JR, 2019 WL 1087150, at *1 (D. Or.

14 Mar. 7, 2019), defendant argued that it was multiplicitous for the

15 government to charge failing to comply with lawful direction in

16 violation of 41 C.F.R. § 102-74.385, as charged here, and a statute

17 (41 C.F.R. § 102-74.390(b)) prohibiting unreasonably obstructing the

18 usual use of entrances.  The district court rejected defendant's

19 argument, finding that the counts were not multiplicitous because

20 Section 102-74.385 (i.e., Count Three here) "clearly requires proof

21 of an element" that the other statute at issue in that case and Count

22 Two do not: "there must be a lawful verbal direction that was not

23 obeyed." (Id. at 6.)  The same is true here.

24      Notably, Cruscial also explained why United States v. Mumford,

25 No. 3:17-CR-0008-JCC, 2017 WL 652449 (D. Or. Feb. 16, 2017), the

26 opinion relied on by defendant (MTD at 4-5), is distinguishable.  For

27 one, Mumford "did not engage in the required Blockburger analysis in

28

5

1    making its finding." Cruscial, 2019 WL 1087150, at *6.  As Cruscial

2    explains, "[i]n Mumford, the defendant was charged with three counts:

3    (1) disorderly conduct in violation 41 C.F.R. § 102-74.390(c) ('Count

4    1'); (2) failing to comply with signs prohibiting conduct that

5    impedes or disrupts the performance of official duties by government

6    employees in violation of 41 C.F.R. § 102-74.385 ('Count 2'); and (3)

7    failing to comply with lawful direction in violation of 41 C.F.R. §

8    102-74.385 ('Count 3')." 2019 WL 1087150, at *5. Without conducting a

9    Blockburger analysis, Mumford found that Count 1 and Count 2 were

10   multiplicitous.  Cruscial, 2019 WL 1087150, at *5.  Critically,

11   however, the defendant in that case *did not* assert -- as defendant

12   does here -- that failure to comply with a lawful direction (i.e.,

13   Count Three here) is multiplicitous of impeding or disrupting

14   official duties (i.e., Count Two here).

15   **II.    COUNT THREE IS NOT DUPLICITIOUS, BUT THE GOVERNMENT WILL PROCEED**

16   **        ON A FAILURE TO FOLLOW LAWFUL DIRECTION THEORY, RENDERING**

17   **        DEFENDANT'S DUPLICITIOUS ARGUMENT MOOT**

18        Count Three is not duplicitious.  "An indictment is considered

19   duplicitous if a single count combines two or more different

20   offenses."  United States v. Renteria, 557 F.3d 1003, 1007-08 (9th

21   Cir. 2009).  But, critically, "[w]hen a statute specifies two or more

22   ways in which an offense may be committed, all may be alleged in the

23   conjunctive in one count and proof of any of those acts conjunctively

24   charged may establish guilt." Id. at 1108 (citing United States v.

25   Urrutia, 897 F.2d 430, 432 (9th Cir. 1990)).  Here, Count Three

26   charges a violation of a single regulation, so it is not duplicitous.

27   (MTD, Ex. A, at 4.)

28

6

That said, in order to streamline the issues for trial, the government clarifies that it will be proceeding on a failure to comply with lawful direction theory in Count Three.  Thus, it will not seek to prove a violation of 41 C.F.R. § 102-74.385 on account of failure to comply with official signage, rendering the issue moot.

**III. COUNT TWO IS NOT VAGUE AS APPLIED TO DEFENDANT'S CONDUCT**

Defendant argues that Count Two is vague as applied because she merely "trespassed onto federal property for less than 5 seconds in a driveway behind the Roybal building."  (MTD at 7.)  But defendant is not charged in Count Two for merely "cross[ing] onto the driveway behind the Roybal building momentarily to access MDC, the courthouse, or to get to Union Station."  (Id.)

As explained in the government's trial brief and at the hearing on October 2, 2025, defendant's conduct was substantially more provactive that her brief suggests. At approximately 11:20 p.m., upon seeing law enforcement approach other protestors who were on federal property, defendant ran across the street with an umbrella, opened the umbrella between herself and an FPS officer and then -- after the officer tore the fabric off of the umbrella -- threw the metal skeleton of the umbrella at the officer.  (Trial Br. at 1-2.)  The regulation in Count Two is easily specific enough to provide defendant notice there her conduct was criminal.  Indeed, her conduct is worlds away from some of the hypotheticals raised in the brief, such as continuing a conversation with a government worker about skiing being considered impeding or disrupting official duties.  (MTD at 7.)  Any person of "ordinary intelligence" would know that throwing an umbrella at an FPS officer while they're approaching

7

1 other protestors on federal property should constitute criminal

2 conduct.

3       Courts routinely reject vagueness challenges to the regulation

4 charged in Count Two.  See, e.g., Moriello, 980 F.3d at 931–32;

5 United States Staples United States v. Gerhard, No. 24-PO-11-SM-1,

6 2025 WL 1358545, at *7 (D.N.H. May 9, 2025); Cruscial, 2019 WL

7 1087150, at *4; Mumford, 2017 WL 652449, at *4.  The Court should do

8 so here as well.

9 **IV.   THE REGULATIONS CHARGED IN COUNTS TWO AND THREE DO NOT VIOLATE**

10 **      THE NON-DELEGATION DOCTRINE**

11       Defendant argues that the authorizing statute for the

12 regulations at issue in Counts Two and Three violates the non-

13 delegation doctrine.  It does not.

14       40 U.S.C. § 1315(c) authorizes the Secretary of the Department

15 of Homeland Security to establish regulations with criminal penalties

16 relating to the protection of federal property.  Courts have

17 routinely rejected non-delegation challenges to this provision

18 because they have found that the statute provides an intelligible

19 principle that constrains executive discretion.  See, e.g., United

20 States v. Moriello, 980 F.3d 924, 932–33 (4th Cir. 2020) (finding the

21 statute "is clearly a permissible delegation by Congress in light of

22 our precedent"); United States v. West, No. 3:25-CR-00118-IM-1, 2025

23 WL 2416975, at *6–8 (D. Or. Aug. 21, 2025) (conducting a thorough

24 analysis and concluding that the statute "includes an intelligible

25 principle that meaningfully constrains executive discretion");

26 Kittel, 2021 WL 3823185, at *5 (agreeing with other courts in this

27 district the statute does not violate the non-delegation doctrine);

28

1    Cruscial, 2019 WL 1087150, at *2-3 (joining "myriad other courts in

2    resolving that 40 U.S.C. § 1315(c) constitutes an appropriate

3    delegation of power").  Defendant does not seem to seriously contest

4    this point, citing no opinions that have upheld a nondelegation

5    challenge to this statute and "preserv[ing] the issue for appeal."

6    (MTD at 8.)  The Court should reject this perfunctory argument.

7    **V.    CONCLUSION**

8         For the foregoing reasons, the government respectfully requests

9    that this Court deny defendant's Motion to Dismiss Counts 2 and 3.

10

11    Dated: October 2, 2025          Respectfully submitted,

12                                    BILAL A. ESSAYLI
                                      Acting United States Attorney
13
                                      JOSEPH T. MCNALLY
14                                    Assistant United States Attorney
                                      Acting Chief, Criminal Division
15

16                                        /s/
                                      PATRICK D. KIBBE
17                                    CHRISTOPHER R. JONES
                                      Assistant United States Attorneys
18
                                      Attorneys for Plaintiff
19                                    UNITED STATES OF AMERICA

20

21

22

23

24

25

26

27

28