CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
REBECCA M. ABEL (Bar No. 298604)
(E-Mail: rebecca_abel@fd.org)
Aden Kahssai (NV Bar No. 15581)
(E-Mail: Aden_Kahssai@fd.org)
Deputy Federal Public Defender
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

Attorneys for Defendant
ALEXANDRIA AUGUSTINE

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALEXANDRIA AUGUSTINE,<br><br>Defendant. | Case No. 2:25-cr-00678-KS<br><br>**DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION *IN LIMINE* TO EXCLUDE POST-ASSAULT EVIDENCE**<br><br>Hearing Date: October 2, 2025<br>Hearing Time: 11:00 a.m.<br>Location: Courtroom of the Hon. Karen L. Stevenson |

Defendant Alexandria Augustine, through her counsel of record, Aden Kahssai and Rebecca Abel, hereby files her opposition to the government's Motion *in Limine* to Exclude Post-Assault Evidence (Dkt. 39).

# I. INTRODUCTION

The government seeks to exclude evidence showing Inspector Guiterrez rushing to detain Ms. Augustine and taking her to the ground in an attempt to arrest her and the subsequent pile-on of additional officers and individuals, just seconds after the alleged assault occurred. This includes the video footage the government itself produced. (Dkt. No. 45, Exs. A, B —pending Opposition to Govt's Motion to Preclude Self-Defense). The government may not like that the officer engaged in excessive, unjustified force, but that is not a reason to try to hide this information from the jury. The evidence is relevant to Officer Gutierrez' credibility and to Ms. Augustine's defense and must be admitted.

# II. ARGUMENT

## A.  Relevance

Rule 401 permits the introduction of evidence "having *any* tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence" (emphasis added). Evidence that does not meet this definition is inadmissible. Fed. R. Evid. 402. However, Rule 401 sets a very low threshold for admissibility in framing the bar as "any tendency," rather than a specific, concrete, or direct "tendency." That is because the Court must be careful to allow the jury, and not the parties, to act as the final arbiter of fact.

The government claims that Ms. Augustine intentionally assaulted Inspector Guiterrez by "throwing the metal skeleton of her umbrella at him." Dkt. 39 at 3. The defense disputes this. Thus, whether Ms. Augustine intentionally inflicted injury on Inspector Guiterrez is a question of fact for the jury. The defense will also argue that any actions Ms. Augustine took in response to Guiterrez's excessive force were in self-defense. The government further claims that Ms. Augustine "fell to the ground" when Inspector Guiterrez "attempted to arrest [her]." *Id*. The video evidence shows

something very different: when Ms. Augustine defended herself against an aggressive Guiterrez, he rushed at her and took her down.

The fact that Inspector Guiterrez used excessive force in arresting Ms. Augustine is relevant to the defense's theory that from the very beginning, Inspector Gutierrez singled out Ms. Augustine for retaliation because he did not like the way she protested, nor her vulgar and polarizing language towards him and other officers. Thus, the excessive force nature of the arrest is relevant here because it shows that Guiterrez was reacting in retaliation to Ms. Augustine and engaged in a *pattern* of excessive force from the moment of first encounter until the very end. The evidence in dispute is, thus, relevant for at least two important reasons.

*First*, it is relevant to bias and credibility. The fact that Inspector Guiterrez engaged in excessive force against Ms. Augustine gives him an incentive to lie, including regarding whether Guiterrez singled out Ms. Augustine from the very beginning and targeted her. In other words, if Inspector Guiterrez singled her out and targeted her, it would make it more likely that he had it out for her —and that motive or bias would be demonstrated in how gruesomely he took her down to arrest her. Additionally, Inspector Guiterrez has an interest in framing Ms. Augustine as the aggressor because a finding of excessive, unlawful force can subject him to workplace discipline, social opprobrium, and liability. Because his testimony will form the basis of the government's case, Ms. Augustine must be allowed to undermine his and the other officers' credibility, including with evidence that he has a motive to lie to justify his unlawful actions.

*Second*, the evidence is relevant because it supports Ms. Augustine's defense that Inspector Guiterrez attacked her first. A jury can infer from the fact that Guiterrez used excessive, unlawful force when arresting Ms. Augustine that he was willing to use such force from the onset as the initial aggressor. The government may disagree with that inference, but the government is not the finder of fact. It is common sense that

video showing Inspector Guiterrez applying excessive force to Ms. Augustine after the assault has a "tendency" to show he applied the same unlawful force on first contact when he ripped her umbrellas apart.

Additionally, in a recent Supreme Court case — although not a criminal case like this but in a directly analogous context of police/citizen confrontation, the Court unanimously held in a 1983 case that the reasonableness of an officer's use of force cannot be viewed in an isolated moment. *Barnes v. Felix*, 605 U.S. 73 (2025). More specifically, courts must consider "all the relevant circumstances" to evaluate whether an officer's use of force is reasonable. *Id*. at 76. A court deciding a use-of-force case, the court concluded, "cannot review the totality of the circumstances if it has put on chronological blinders." *Id*. at 82. Similarly here, the government cannot place "chronological blinders" on the jury, preventing them from seeing what happened in the 10 seconds after the alleged assault in order to protect Officer Gutierrez from being forced to justify his post-assault actions.

**B.    The arrest is not unfairly prejudicial, nor is it confusing, misleading, or a waste of time.**

Rule 403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue waste of time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

It is understandable why the government does not want the jury to see evidence of Inspector Guiterrez's unlawful arrest of Ms. Augustine, it hurts their case; but that does not make this relevant evidence "*unfairly* prejudicial." Rather, it makes it all the more relevant and important. To the extent the Court is concerned about unfair prejudice, there are alternative approaches it should take instead of exclusion. First, the Court will, at the parties' request, already be instructing the jury to set aside emotion and bias when deliberating. Rather than exclude the evidence, the Court can invite the

government to propose additional limiting instructions to address its (unfounded) concerns. Second, the Court can allow the government to elicit context for the video footage from its witnesses, namely Inspector Guiterrez. If the witnesses did nothing wrong, they should have no trepidation about explaining their actions.

The other Rule 403 reasons for exclusion cited by the government are nonsense. The 20-30 second video is not going to unduly waste any time, confuse the issues, or mislead the jury. To the extent the government is genuinely concerned about confusing or misleading the jury, it can submit limiting instructions for the Court to review and deliver at the time the evidence is received.

### III. CONCLUSION

For the foregoing reasons, the defense respectfully requests that the Court deny the government's motion.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: October 2, 2025         By  */s/ Aden Kahssai*
                                    ADEN KAHSSAI
                                    REBECCA ABEL
                                    Attorneys for ALEXANDRIA AUGUSTINE