BILAL A. ESSAYLI
Acting United States Attorney
JOSEPH T. MCNALLY
Assistant United States Attorney
Acting Chief, Criminal Division
PATRICK D. KIBBE (Cal. Bar No. Pending)
CHRISTOPHER R. JONES (Cal. Bar. No. 343374)
Assistant United States Attorneys
General Crimes Section
    1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-6482 / (213) 894-7383
    Facsimile: (213) 894-0141
    Email:    patrick.kibbe@usdoj.gov
              christopher.jones4@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>            v.<br><br>ALEXANDRIA DEMETRIUS AUGUSTINE,<br><br>            Defendant. | No. 2:25-cr-678-KLS<br><br>GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR JURY TRIAL ON ALL COUNTS (Dkt. 34)<br><br>Trial Date: October 7, 2025<br>Trial Time: 9:00 a.m.<br>Location:   Courtroom of the Honorable Karen L. Stevenson |

        Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Patrick D. Kibbe and Christopher R. Jones, hereby files its opposition to defendant's motion for a jury trial on all counts.

        This opposition is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: October 2, 2025          Respectfully submitted,

                                BILAL A. ESSAYLI
                                Acting United States Attorney

                                JOSEPH T. MCNALLY
                                Assistant United States Attorney
                                Acting Chief, Criminal Division


                                        /s/
                                _____
                                PATRICK D. KIBBE
                                CHRISTOPHER R. JONES
                                Assistant United States Attorneys

                                Attorneys for Plaintiff
                                UNITED STATES OF AMERICA

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.    INTRODUCTION**

Defendant Alexandria Demetrius Augustine ("defendant") is charged by information with misdemeanor assault on a federal officer, in violation of 18 U.S.C. § 111(a)(1) (Count One), and two petty offenses, Causing a Disturbance by Impeding or Disrupting the Performance of Official Duties by Government Employees, in violation of 40 U.S.C. § 1315(c) and 41 C.F.R. § 102-74.390(c) (Count Two), and Failing to Comply with Official Signs and Directions, in violation of 40 U.S.C. § 1315(c) and 41 C.F.R. § 102-74.385 (Count Three).  The Supreme Court has explained, there is no right to a jury trial for petty offenses.  <u>Lewis v. United States</u>, 518 U.S. 322, 323 (1996). The Federal Rules of Criminal Procedure codify the same.  Fed. R. Crim P. 58(b)(2)(F).  This Court regularly conducts bench trials for CVB violations.  The Government respectfully submits that the Court should not deviate from this usual practice in this case, and that the jury should decide the misdemeanor assault charge, and the Court should decide the petty offenses.

**II.   ARGUMENT**

**A.    The Court Should Follow its Regular Practice**

As the Court recognized, the Court regularly hold trials on CVB violations.  The Government respectfully proposes that the Court should follow that regular practice here.  This practice is aligned with both Supreme Court precedent and the Federal Rules of Criminal Procedure.

In <u>Lewis v. United States</u>, 518 U.S. 322, 323 (1996), the Supreme Court held that there was no jury trial right for multiple petty offenses.  Likewise, Federal Rule of Criminal Procedure 58(b)(2)(F)

1    explains that that the defendant has "the right to a jury trial

2    before either a magistrate or district judge – unless the charge is a

3    petty offense."  Here, Counts Two and Three are petty offenses.  See

4    18 U.S.C. § 19 ("the term 'petty offense' means a Class B

5    misdemeanor, a Class C misdemeanor, or an infraction"); 18 U.S.C. §

6    3559(a)(8) (classifying offense with term of imprisonment of more

7    than 5 but less 30 days as a Class C misdemeanor).

8        While Lewis and the Rules of Criminal Procedure do not foreclose

9    a Court from exercising its discretion to grant a jury trial for

10   petty offenses, the Court's regular practice of the Court deciding

11   petty offenses is consistent with this authority.  As explained

12   further below, the Government respectfully submits that there is no

13   reason to deviate in this case.

14       **B.   This Is Not an Exceptional Case**

15       In United States v. Cruscial, No. 3:18-CR-00465-JR, 2019 WL

16   1087150, at *6-7 (D. Or. Mar. 7, 2019), the district court denied

17   defendant's motion for a jury trial for Class C misdemeanors charged

18   via information.  In doing so, the district court explained that "the

19   cases cited by defendants indicate that a jury trial for a petty

20   offense may be appropriate under highly unusual or unique

21   circumstances." United States v. Cruscial, 2019 WL 1087150, at *6

22   (citing United States v. Greenpeace, Inc., 314 F.Supp.2d 1252 (S.D.

23   Fla. 2004); and United States v. Rodriguez, 2010 WL 11531202 (D.

24   Idaho Oct. 15, 2010)).  The district court explained, "'[V]irtually

25   all Class B misdemeanors need not be tried by a jury' – only when the

26   specific facts indicate that the case presents something other than a

27   'run-of-the-mill petty offense' is 'deviation from this general rule

28   ... well-suited.'" Id. (quoting Rodriguez, 2010 WL 11531202 at *1).

                                    2

1    In Cruscial, defendants argued that their case presented a

2  "matter of public interest." Id.  Similarly, Defendant argues that

3  "This case – like many of the protest cases – has drawn substantial

4  public attention, and should be tried in open court to a jury of Ms.

5  Augustine's peers." Def. Mtn. at 6.  The district court in Cruscial

6  denied the motion on that basis, explaining, "Aside from the fact

7  that none of the precedent cited by defendants support such a

8  proposition, permitting a jury trial for a petty offense

9  predominately based on the likelihood of local media attention is

10  neither practicable nor consistent with notions of fundamental

11  fairness." United States v. Cruscial, 2019 WL 1087150, at *6.  The

12  Court summarized:

13          Simply put, this case does not present
         circumstances sufficient to justify a discretionary
14          jury trial for a petty offense. Significantly, it
         concerns Class C misdemeanors, pursued through an
15          Information6 (as opposed to an indictment), that are
         fairly standard. There are no novel questions posed
16          nor untested or stale legal theories. Indeed, as both
         parties surely recognize, federal misdemeanor
17          citations issued to protestors are common. There is
         also no significant risk of jail time and the amount
18          of potential restitution sought does not convert these
         charges into more serious offenses. . . . In sum,
19          defendants have not shown that the facts of this case
         warrant divergence from the general rule providing for
20          bench trials of petty offenses"

21

22  Id. at *7.  The same reasons apply fully to this case.

23

24    Similarly, in United States v. Stansell, 847 F.2d 609, 611 (9th

25  Cir. 1988), the Ninth Circuit rejected the defendant's argument that

26  there was a right to a jury trial for petty offenses, when the First

27  Amendment is implicated.  The Ninth Circuit explained, "Trials

28  involving other regulations of conduct on federal property under

3

subpart 101-20.3 likewise have been routinely conducted without a jury.")  Id. at n.3 (collecting cases).  See also United States v. Mumford, No. 3:17-CR-0008-JCC, 2017 WL 652449, at *2 (D. Or. Feb. 16, 2017)(court "declin[ing] to exercise its discretion to order a jury trial" in relation to charges brought under 41 C.F.R. § 102-74.390 and 41 C.F.R. § 102-74.385, in a case that had garnered significant media attention).

Defendant's authority is not to the contrary.  Defendant claims that in United States v. Boyd, 214 F.3d 1052 (9th Cir. 2000), the Ninth Circuit "sanctioned" a jury trial on a misdemeanor assault charge under 18 U.S.C. § 111(a)(1) and a class B misdemeanor for entering federal property (Def Mtn. at 2), but the issue of a jury trial was not before Ninth Circuit and it did not address that question at all.

Defendant also cites extensively from a Government brief in the Eastern District of California.  Def. Mtn. at 2-3. But in that case the Government was opposing Defendant's motion to sever the trials, in which there would potentially be two separate proceedings. Accordingly, the Government pointed out, inter alia, that would not be efficient for the Court or witnesses.  Here, as explained in its Trial Memorandum and further explained below, the Government proposes only one proceeding to efficiently present the evidence to the jury and Court.  Thus, the Government submits that there are no exceptional reasons for the CVB counts to be decided by the jury.

1  **C.    The Government's Proposal Would Not Violate the Rules of**
2  **Evidence**

3      As included in its Trial Memorandum, the Government submits that
4  the only evidence to support the charges in Counts Two and Three that
5  would not otherwise be presented to the jury in relation to their
6  deliberation on Count One, are photo exhibits and testimony to show
7  that GSA regulations were conspicuously posted in the area of the
8  Roybal Federal Building "apron" where the incident took place to
9  satisfy the "posting" elements of Counts Two and Three, which is
10 discussed further below.  If necessary, the Government may also seek
11 to admit testimony that Defendant was advised on previous dates not
12 to be on federal property at Roybal, because actual notice is an
13 alternate way that posting element can be satisfied for Counts Two
14 and Three.  The Government proposes that this evidence and testimony
15 could be taken outside of the presence of the jury and will not take
16 long to present.

17     Defense argues that the Government's proposal would violate the
18 rules of evidence by presenting irrelevant testimony to the jury.  To
19 the extent the Government's proposal was unclear to defense at the
20 time defense filed their motion, the Government's proposal
21 specifically avoids that problem.

22     Moreover, evidence that GSA regulations were posted outside of
23 the Roybal apron and that Defendant received notice to stay off
24 federal property on other days would not be unduly prejudicial.
25 Indeed, such evidence is intrinsic to the facts and circumstances of
26 the charged conduct.  However, out of an abundance of caution, the
27 Government does not object to presenting this limited evidence to the
28 Court only outside the presence of the jury.

1

2

 **D.    The Court Should Disregard Defendant's Attacks on the
      Government**

3       What is left of Defendant's request is simply an attack on the

4 government.  See Def. Mtn. at 5.  Defendant speculates the government

5 was unable to secure an indictment in this case and the government is

6 seeking a to insulate itself from a jury.  Id. at 5-6.  However, when

7 Government counsel gave Defense counsel advanced notice of the

8 superseding information, Defense counsel accused the Government of

9 attempting to *prejudice* the jury and did not want the charges in

10 front of the jury.  The Government respectfully submits that the

11 Court should disregard these attacks and instead focus on the facts

12 and law of this case.  The Government has charged the counts it

13 believes are appropriate in relation to Defendant's conduct.  The

14 Government asks simply for the Court to decide the CVB counts as it

15 typically does, and for the jury to decide the misdemeanor assault

16 charge, as is Defendant's right.

17 **III. CONCLUSION**

18       For the foregoing reasons, the government respectfully requests

19 that this Court deny defendant's motion.

20

21

22

23

24

25

26

27

28