UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALEXANDRIA AUGUSTINE,<br><br>Defendant. | NO. 2:25-cr-00678-KS<br><br>MEMORANDUM AND ORDER DENYING MOTION TO DISMISS |

## INTRODUCTION

On October 1, 2025, Defendant Alexandria Augustine, by and through her counsel of record, filed a Motion to Dismiss Counts Two (impeding a federal officer, in violation of 40 U.S.C. § 1315 (c); 41 C.F.R. §102-74, 390 (c) - a class C misdemeanor); and Three (failing to follow lawful directions, in violation of 40 U.S.C. § 1315 (c); 41 C.F.R. §102-74, 385 (c)- a Class C misdemeanor) of the of the First Superseding Information ("MTD"). ( Dkt. No. 32.) On October 2, 2025, the Government filed an Opposition. (Dkt. No. 47.) On October 3, 2025, the Government informed the Court that it would voluntarily dismiss Count Two. Therefore, all issues raised in the MTD related to Count Two are DENIED as MOOT.

1

As for the remaining dispute concerning Count Three, for the reasons outlined below, the Court is unpersuaded by Defendant's argument that Count Three is duplicitous as moot because the government has elected to dismiss Count Two. (Motion at 2-3.) The Court also finds Defendant's argument unpersuasive that the regulation charged in Count Three is a constitutionally excessive delegation of legislative authority. (*Id*. at 6-7.)

## THE MOTION

Following Defendant's voluntary dismissal of Count Two, only two issues remain to be addressed in the MTD: (1) whether Count Three is duplicitous and the government must elect the conduct on which it intends to offer proof at trial; and (2) whether the regulations charged in Count Three is a constitutionally excessive delegation of legislative authority. (Dkt No. 32 (MTD) at 5-7, 8-10.[1]) In Count Three of the First Superseding Information, the Government charges Defendant with the following Class C misdemeanor based on the following alleged conduct:

> On or about July 24, 2025, on federal property under the authority of the General Services Administration, where signage regulating conduct was conspicuously posted, in Los Angeles County, within the Central District of California, defendant ALEXANDRIA DEMETRIUS AUGUSTINE knowingly and willfully failed to comply with official signs of a prohibitory, regulatory or directory nature and with the lawful directions of Federal police officers and other authorized individuals, namely, employees of the Federal Protective Service.

---

[1] The Court's page citations refer to the page numbers provided by the Court's CM-ECF system at the top right corner of each page.

(Dkt. No. 32-1 at 5[2]); *see also* 40 U.S.C. § 1315(c); 41 C.F.R. § 102-74.385.

## ANALYSIS

**I.      Defendant's Duplicity Argument is Moot**

Defendant first argues that Count Three, is duplicitous because it alleges two separate and distinct offenses in a single count. (*Id.* at 5.) Defendant reasons that "[t]he government cannot join both offenses in a single count and it must elect the conduct upon which it intends to offer proof." (*Id.* at 5-6 (citation and internal quotation marks omitted.)  Defendant cites to *United States v. Aguilar*, 756 F.2d 1418 (9th Cir. 1985), which itself cites to Rule 8(a) of the Federal Rules of Criminal Procedure as the source of the rule prohibiting duplicity. (*Id.*)  Rule 8(a) provides that an:

> indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged . . . are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

Fed. R. Crim. P. 8(a).  In *Aguilar*, the court reasoned that Rule 8(a) could be interpreted to require that "an indictment contain a separate count for each offense." (*Id.* at 6 (internal quotation marks omitted).)  Also citing *Aguilar*, Defendant argues that "[d]uplicitous charges breach a defendant's Sixth Amendment right to knowledge of the charges against him and could eviscerate the defendant's Fifth Amendment protection against double jeopardy, because

---

[2] Due to docketing delays in the Court's CM-ECF system, the First Superseding Information has not yet appeared on the docket.  For the Court's convenience, Defendant's counsel has provided a copy of the First Superseding Information as an exhibit to the MTD.  (Dkt. No. 32-1.)

of a lack of clarity concerning the offense for which he is charged or convicted." (*Id.* (citation and internal quotation marks omitted). Defendant quotes *Aguilar* for the proposition that "[a]s a remedy for the duplicity, the court may order the government to elect to proceed on one clause only." (*Id.* (citation and internal quotation marks omitted).

Turning to 41 C.F.R. § 102-74.385, the regulation on which Count Three is based, Defendant argues that the "regulation can be violated either by failing to comply with official signs or with failing to comply with lawful directions of a federal officer." (*Id.*) Defendant contends that "Count Three of the Superseding Information improperly joins two offenses into a single count in violation of Rule 8(a) and the principles outlined in *Aguilar*. The government must elect which prong it intends to prove at trial." (*Id.* at 6-7.)

In its Opposition, the government, quoting *United States v. Renteria*, 557 F.3d 1003, 1008 (9th Cir. 2009), argues that Count Three is not duplicitous because "[w]hen a statute specifies two or more ways in which an offense may be committed, all may be alleged in the conjunctive in one count and proof of any of those acts conjunctively charged may establish guilt." (Dkt. No. 47 at 6.) As "Count Three charges a violation of a single regulation," the Government argues it is not duplicitous. (*Id.*) However, in the alternative, to "streamline the issues for trial," the Government "clarifies that it will be proceeding on a failure to comply with lawful direction theory in Count Three. Thus, it will not seek to prove a violation of 41 C.F.R. § 102-74.385 on account of failure to comply with official signage, rendering the issue moot." (*Id.* at 7.)

Based on the government's position as outlined in the Opposition, the Court finds this issue too is moot. Even assuming the Court were to agree with Defendant that Count Three is duplicitous, Defendant seeks, as the "remedy for the duplicity," that the Court order the government "to elect to proceed on one clause only." (Dkt. No. 32 at 6-7.) In response, the government represents that it has made the necessary election by "proceeding on a failure to

4

comply with lawful direction theory" and not on a "failure to comply with official signage" theory, "rendering the issue moot." (Dkt. No. 47 at 7.) The Court agrees. As the government intends to make the election requested by Defendant in the Second Superseding Information, the Court finds that Defendant's argument is moot.

## II. Defendant's Argument That Count Three is Based Upon an Unconstitutional Delegation of Legislative Authority Fails

Defendant also argues that Count Three is "an invalid Congressional delegation of rule-making authority." (Dkt. No. 32 at 8.) Defendant reasons that 40 U.S.C. § 1315(c), the statute delegating to the Department of Homeland Security the authority to promulgate 41 C.F.R. § 102-74.385, the regulation under which Defendant is charged in Count Three, "does not impose any intelligible principle for the Secretary to apply in formulating criminal regulations and penalties" in violation of the test set forth by a plurality of the Supreme Court in *Gundy v. United States*, 588 U.S. 128, 135 (2019). (*Id.* at 8-9.)

In the Opposition, the Government argues that "[c]ourts have routinely rejected non-delegation challenges to this provision because they have found that the statute provides an intelligible principle that constrains executive discretion." (Dkt. No. 47 at 8.) The Government cites four such cases and contends that Defendant cites "no opinions that have upheld a nondelegation challenge to this statute . . . ." (*Id.*)

The Court agrees with the Government here. While the government has not cited, and the Court has not found, any controlling authority in the Ninth Circuit rejecting the argument Defendant makes here, the Court nevertheless finds the District Courts that have rejected the same argument persuasive and adopts the reasoning in those cases for the purposes of resolving the MTD.

"Under 40 U.S.C. § 1315(c), Congress authorized the Department of Homeland Security to establish regulations with criminal penalties relating to the protection of federal property." *United States v. Cruscial*, No. 3:18-cr-00465-JR, 2019 WL 1087150, at *2 (D. Or. Mar. 7, 2019). Specifically, the statute provides:

> (1) IN GENERAL. – The Secretary, in consultation with the Administrator of General Services, may prescribe regulations necessary for the protection and administration of property owned or occupied by the Federal Government and persons on the property. The regulations may include reasonable penalties, within the limits prescribed in paragraph (2), for violations of the regulations. The regulations shall be posted and remain posted in a conspicuous place on the property.
>
> (2) PENALTIES. – A person violating a regulation prescribed under this subsection shall be fined under title 18, United States Code, imprisoned for not more than 30 days, or both.

*Id.* (citing 40 U.S.C. § 1315(c)).

As the court in *Cruscial* concluded, the text cited above in 40 U.S.C. § 1315(c) "adequately limits the scope of actions on federal property, in that the statute describes the general policy, makes clear which agency is to apply the regulations, specifies the bounds of the delegated authority, and requires that the regulations be posted conspicuously." *Cruscial*, 2019 WL 1087150 at *3. Furthermore, this particular delegation of power "is not unusual and Congress has delegated similar powers to the National Park Service, Forest Service, and Bureau of Land Management, to name a few." *Id*. (quoting *United States v. Mumford*, No. 3:17-CR-0008-JCC, 2017 WL 652449, at *4 (D. Or. Feb. 16, 2017); *see also United States v. Cassiagnol*,

420 F.2d 868, 876 (4th Cir. 1970) (same).  As in *Cruscial*, this Court "joins myriad other courts in resolving that 40 U.S.C. § 1315(c) constitutes an appropriate delegation of power." *Cruscial*, 2019 WL 1087150 at *3.

Accordingly, Defendant's argument that Count Three is an invalid Congressional delegation of rule-making authority is denied.

## CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss Count Three [Dkt. No. 32] is DENIED.

**IT IS SO ORDERED.**

DATED:  October 6, 2025

_____
KAREN L. STEVENSON
CHIEF UNITED STATES MAGISTRATE JUDGE