UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ALEXANDRIA AUGUSTINE,<br><br>    Defendant. | NO. 2:25-cr-00678-KS<br><br>MEMORANDUM AND ORDER DENYING REQUEST FOR JURY TRIAL ON COUNT THREE [DKT. NO. 34] |

## BACKGROUND

Defendant filed a Motion for a Jury Trial on All Counts ("Motion"), specifically, for Count Three,[1] a Class C misdemeanor charging Defendant with "knowingly and willfully failing to comply with the lawful directions of Federal police officers and other authorized

---

[1] Defendant is already exercising her right to a jury trial on the Class A misdemeanor charged in Count One and the Government has indicated it intends to voluntarily dismiss Count Two.

1

individuals, namely, employees of the Federal Protective Service." (Dkt. No. 34 at 3; Dkt. No. 34-1 at 5.[2])

## THE PARTIES' ARGUMENTS

Defendant acknowledges at the outset that she does not have the right to a jury trial on Count Three, but requests that the Court grant the Motion because both counts in this matter "are based on the same act and are connected" and were charged "in a single superseding Information," so joinder of counts is permitted under Federal Rules of Criminal Procedure 8(a) and 13. (Dkt. No. 34 at 3-4.) Defendant further urges this Court to grant the Motion because the Government previously (and successfully) argued in favor of a jury trial on all counts in a different but similar case. (*Id.* at 4-5.) Defendant additionally argues that the Government's proposal for a split verdict violates the Federal Rules of Evidence and is merely an effort to avoid a jury decision. (*Id.* at 6-8.) Lastly, Defendant argues that excluding petty offenses from the right to a jury trial violates the Sixth Amendment. (*Id.* at 8-9.)

The Government filed an Opposition to the Motion, arguing: (1) the Court's regular practice is to hold bench trials in CVB matters and there is no reason to deviate from that procedure here; (2) there is nothing exceptional about this case that should persuade the Court to exercise its discretion to grant a jury trial on Count Three; and (3) the Government's proposal for a split verdict does not violate the Federal Rules of Evidence. (Dkt. No. 50 at 3-7.)

---

[2] Due to docketing delays in the Court's CM-ECF system, the First Superseding Information has not yet appeared on the docket. For the Court's convenience, Defendant's counsel has provided a copy of the First Superseding Information as an exhibit to the Motion. (Dkt. No. 34-1.) The Court also anticipates the Government's filing of a Second Superseding Information that deletes Count Two and makes an election on Count Three that is consistent with the language quoted above.

# DISCUSSION

As both parties acknowledge, Defendant has no right to a jury trial on the Class C misdemeanor charged in Count Three because the punishment for violating Count Three does not exceed six months in prison. *Lewis v. United States*, 518 U.S. 322, 326, 330 (1996). The parties also agree that, in the absence of a right to a jury trial, this Court has discretion to grant or deny a jury trial on Count Three. (Dkt. No. 34 at 4; Dkt. No. 50 at 4.) The Court is unpersuaded by any of Defendant's arguments that it should exercise that discretion here.

First, the Court is unmoved by Defendant's argument that Federal Rules of Criminal Procedure 8(a) and 13 would allow the joinder of counts in this matter. The fact that the Court simply has the authority to grant joinder of the Class A misdemeanor charge with the Class C misdemeanor charge, or grant a jury trial on a petty offense, is not itself a reason to do so. Defendant further fails to explain why the fact that the counts arose out of a single occurrence is consequential in determining whether the Court should exercise discretion here. Equally unpersuasive is Defendant's citation to a case in which the Government took the opposite position of its position today. Indeed, the strategy behind the Government's positions, or the Government's motivation in taking a position or making an argument, provides no legal basis for exercising discretion to grant a jury trial on Count Three.

Defendant's argument that split verdicts here would violate the Federal Rules of Evidence is also rejected. Defendant contends the Government wrongfully intends to present evidence at trial that would only be relevant to Count Three and not Count One. (Dkt. No. 34 at 6-7.) Defendant reasons that the "[i]ntroduction of evidence irrelevant to the sole count the Government asks that the jury decide" violates Federal Rules of Evidence 401, 403, and 404(b). (*Id.*) However, in its Opposition, the Government makes clear that the only non-crossover evidence it intended to present at trial were "photo exhibits and testimony to show that GSA regulations were conspicuously posted in the area of the Roybal Federal Building 'apron' where

the incident took place" and possibly also "testimony that Defendant was advised on previous dates not to be on federal property at Roybal, because actual notice is an alternate way that posting element can be satisfied for Counts Two and Three." (Dkt. No. 50 at 7.) The Government's argument here is that this discrete evidence could easily be presented to the Court outside the presence of the jury. (*Id.*) However, since the Motion was briefed, the Government has voluntarily dismissed Count Two and has made an election in Count Three to "proceed[] on a failure to comply with lawful direction theory" and not on a "failure to comply with official signage" theory. (Dkt. No. 47 at 7.) Therefore, it does not appear to the Court that *any* evidence relevant only to Count Three will be presented in this case. Defendant's argument based on a violation of the Federal Rules of Evidence is denied.

Finally, Defendant argues that the petty offense doctrine – which limits the right to a jury trial to offenses with maximum punishments of greater than six months – violates the Sixth Amendment. (Dkt. No. 34 at 8.) However, in making this argument, Defendant sets forth controlling authority either finding or assuming that the petty offense doctrine is constitutional. *Baldwin v. New York*, 399 U.S 66 (1970); *Duncan v. Louisiana*, 391 U.S. 145 (1968); *Blanton v. City of North Las Vegas*, 489 U.S. 538 (1989); *Lewis*, 518 U.S. at 326. Defendant's disagreement with that authority and independent stance that the petty offense doctrine should violate the Sixth Amendment is noted, but the Court must follow controlling authority.

In the absence of any persuasive reason to exercise the discretion to grant a jury trial on the Class C misdemeanor charged in this case, the Court agrees with the Government's argument, namely, that this matter is not extraordinary in some way such that a jury trial on the petty offense is necessary, and that the Court should handle the charged Class C misdemeanor in this case just as it does countless other Class C misdemeanors charged in the Central District.

\\

\\

# CONCLUSION

For all the reasons set forth above, Defendant's Motion (Dkt. No. 34) is **DENIED**.

**IT IS SO ORDERED.**

DATED:  October 6, 2025

_____
KAREN L. STEVENSON
CHIEF UNITED STATES MAGISTRATE JUDGE