CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
REBECCA M. ABEL (Bar No. 298604)
(E Mail: rebecca_abel@fd.org)
ADEN KAHSSAI (NV Bar No. 15581)
(E-Mail: aden_kahssai@fd.org)
Deputy Federal Public Defenders
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

Attorneys for Defendant
ALEXANDRIA AUGUSTINE

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| UNITED STATES OF AMERICA, | Case No. 2:25-cr-00678-KS |
|---|---|
| Plaintiff, | **DEFENDANT'S OPPOSITION TO GOVERNMENT'S PROPOSED JURY INSTRUCTIONS AND PROFFER OF ALTERNATE INSTRUCTION** |
| v. | |
| ALEXANDRIA AUGUSTINE, | |
| Defendant. | |

The defense will start with its two agreements with the government's proposed jury instruction.  First, the defense has no objection to combining the substantive instruction on assault (Court Proposed Instruction No. 24) with the self-defense instruction (Court Proposed Instruction No. 25).  Second, the defense has no objection to including the full name and agency of A.G.

The defense objects to the government's remaining changes.  ***First***, the defense objects to including the word "simple" in the instruction.  That word does not appear in Count 1 of the Second Superseding Information—the relevant charging document.  "Simple" also does not appear in the model Ninth Circuit jury instruction for the offense.  That instruction applies to the misdemeanor charged here, as well as the felony version of the offense, which includes an additional element.  Nowhere in that model instruction, even in the commentary, does the word "simple" appear.  Ninth Circuit Model Criminal Jury Instructions, No. 8.1 (2022 ed.).  The government seeks to include the word "simple" to signify to the jury that this is a "lesser" offense and thus subject to "lesser" penalties.  However, as the Court has already instructed the jury, the question of punishment is never to be considered by the jury.  The government has not objected to, and the defense agrees, that Court Proposed Instruction No. 30, must be given, which states: "The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt."  The government should not be permitted to circumvent this instruction by inserting a word, "simple," that is related to the potential punishment for this crime.

***Second***, the defense objects to the inclusion of the sentence: "The law recognizes that law enforcement officers are authorized to use force in carrying out their responsibilities as long as the force is not excessive."  This is not in the Ninth Circuit model instruction and is drawn solely from an out-of-circuit case.  The government cites no Ninth Circuit precedent authorizing the inclusion of this sentence.  It is not warranted.  It is also phrased as a dictate: "The law recognizes . . ." which is implying

1

the outcome the government seeks in this case. The jury instructions should not weigh in favor of either party.

**Third**, the defense objects to the inclusion of the sentence: "An individual who is the attacker cannot make out a claim of self-defense as a justification for an assault." The defense agrees that it is a correct statement of the law, but it is not necessary. The portion of the case the government cites, *United States v. Acosta-Sierra*, 690 F.3d 1111 (9th Cir. 2012), does not concern the applicable jury instruction, but rather the sentence appears in a discussion of whether mental health evidence was improperly excluded. *Id.* at 1126. In fact, *Acosta-Sierra* was a "bench trial," and thus no instructions were given. *Id.* at 1116. Thus, the case does not provide support for the inclusion of the proposed sentence in a jury instruction.[1] Finally, the proposed sentence appears nowhere in the model instruction.

The defense proposes the following jury instruction, which is drawn solely from the model instructions, combining Ninth Circuit Model Instruction Numbers 8.1 (assault) and 5.10 (self-defense). Similarly, this instruction combines two of the Court's proposed instructions numbered 24 and 25.[2] The Ninth Circuit upheld giving a nearly identical instruction in a § 111(a)(1) case where the defendant offered the defense of self-defense. *See United States v. Ornelas*, 906 F.3d 1138, 1147 (9th Cir. 2018) (finding the court did not err in "[f]ollowing our court's model instruction on general self-defense").

---

[1] The case on which *Acosta-Sierra* relies *United States v. Urena*, 659 F.3d 903, 907 (9th Cir. 2011) also does not concern a jury instruction. In *Urena*, the Court was considering whether the trial court properly prevented the defense from offering evidence of self-defense at trial. It affirmed the trial court's decision, as a matter of law, that self-defense did not apply, stating "But even if Dennis possessed a knife, the evidence was undisputed that it was Urena who was the attacker, and thus he could not in those circumstances successfully urge a self defense theory. The district court did not abuse its discretion in concluding that Urena's evidence was mere speculation and that a jury could not rationally sustain the defense based on the evidence presented." *Id.* at 907.

[2] Instruction No. 25 was proposed by the government in the initial instructions submitted to the Court. (Dkt. No. 40 at p. 25.)

2

COURT'S INSTRUCTION NO. 24

Assault on Federal Officer or Employee (18 U.S.C. § 111(a))

The defendant is charged in Count One of the Second Superseding Information with assault on a federal officer in violation of Section 111(a) of Title 18 of the United States Code. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant forcibly assaulted a federal officer; and

Second, the defendant did so while the federal officer was engaged in, or on account of his official duties; and

Third, the defendant did not act in reasonable self-defense.

There is a forcible assault when one person intentionally strikes another, or willfully attempts to inflict injury on another, or intentionally threatens another coupled with an apparent ability to inflict injury on another which causes a reasonable apprehension of immediate bodily harm.

The test for determining whether the officer is engaged in the performance of official duties is whether the officer acting within the scope of his employment, that is, whether the officer's actions fall within his agency's overall mission, in contrast to engaging in a personal frolic of his own. The excessive use of force in the pursuit of official duty is not considered a good faith performance of official duties.

The defendant has offered evidence of having acted in self-defense. Use of force is justified when a person reasonably believes that it is necessary for the defense of oneself or another against the immediate use of unlawful force. However, a person must use no more force than appears reasonably necessary under the circumstances.

3

The government must prove beyond a reasonable doubt, with all of you agreeing, that the defendant did not act in reasonable self-defense.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: October 9, 2025        By  */s/ Rebecca Abel*

Rebecca Abel
Aden Kahssai
Deputy Federal Public Defenders