FILED
CLERK, U.S. DISTRICT COURT

10/10/2025

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ jm ___ DEPUTY

1

**COVER SHEET**

2

3

4

5

6

7

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

8

9   **UNITED STATES OF AMERICA,** )   NO. **2:25-cr-678-KS**

10                **Plaintiff,** )

11          **v.** )   **CLOSING JURY INSTRUCTIONS**

12                                )

13   **ALEXANDRIA DEMETRIUS** )

     **AUGUSTINE,** )

14                                )

                   **Defendant.** )

15                                )

16   _____ )

17

18       The following are the Court's jury instructions to guide your consideration of the

19   evidence in this case.

20

21   DATED: October 10, 2025

22

23                                    _Karen L. Stevenson_

24                                    KAREN L. STEVENSON
                                      CHIEF U.S. MAGISTRATE JUDGE

25

26

27

28

1

U.S.A. v. Alexandria Demetrius Augustine

2:25-cr-678-KS

**CLOSING JURY INSTRUCTIONS**

COURT'S INSTRUCTION NO. 1

Duties of Jury to Find Facts and Follow Law

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law. Do not allow personal likes or dislikes, sympathy, prejudice, fear, public opinion to influence you. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also do not allow yourself to be influenced by personal biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention. You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may

have said or done as any suggestion as to what verdict you should return—that is a matter entirely up to you.

COURT'S INSTRUCTION NO. 2

Charge Against Defendant Not Evidence—Presumption of Innocence—Burden of Proof

The Second Superseding Information is not evidence.  The defendant has pleaded not guilty to the charge.  The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt.  In addition, the defendant does not have to testify or present any evidence.  The defendant does not have to prove innocence; the government has the burden of proving every element of the charge beyond a reasonable doubt.

# COURT'S INSTRUCTION NO. 3

## Defendant's Decision Not to Testify

A defendant in a criminal case has a constitutional right not to testify.  In arriving at your verdict, the law prohibits you from considering in any manner that the defendant did not testify.

COURT'S INSTRUCTION NO. 4

Reasonable Doubt—Defined

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

COURT'S INSTRUCTION NO. 5

What is Evidence

The evidence you are to consider in deciding what the facts are consists of:

First, the sworn testimony of any witness;

Second, the exhibits received in evidence.

COURT'S INSTRUCTION NO. 6

What is Not Evidence

In reaching your verdict you may consider only the testimony and exhibits received in evidence.  The following things are not evidence, and you may not consider them in deciding what the facts are:

1.    Questions, statements, objections, and arguments by the lawyers are not evidence.  The lawyers are not witnesses.  Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence.  Similarly, what the lawyers have said in their opening statements, will say in their closing arguments, and have said at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2.    Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

3.    Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

8

COURT'S INSTRUCTION NO. 7

Direct and Circumstantial Evidence

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned-on garden hose, may provide an explanation for the water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

COURT'S INSTRUCTION NO. 8

Credibility of Witnesses

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account the following:

First, the opportunity and ability of the witness to see or hear or know the things testified to;

Second, the witness's memory;

Third, the witness's manner while testifying;

Fourth, the witness's interest in the outcome of the case, if any;

Fifth, the witness's bias or prejudice, if any;

Sixth, whether other evidence contradicted the witness's testimony;

Seventh, the reasonableness of the witness's testimony in light of all the evidence; and

Eighth, any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

You must avoid bias conscious or unconscious based on a witness's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances in your determination of credibility.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

COURT'S INSTRUCTION NO. 9

Activities Not Charged

You are here only to determine whether the defendant is guilty or not guilty of the charge in the Second Superseding Information.  The defendant is not on trial for any conduct or offense not charged in the Second Superseding Information.

COURT'S INSTRUCTION NO. 10

Statements by Defendant

You have heard testimony that the defendant made a statement.  It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it.  In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

COURT'S INSTRUCTION NO. 11

Assault on Federal Officer or Employee (18 U.S.C. § 111(a)(1))

The defendant is charged in Count One of the Second Superseding Information with assault on a federal officer in violation of Section 111(a)(1) of Title 18 of the United States Code.  For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant forcibly assaulted a federal officer, namely Alexandro Gutierrez; and

Second, the defendant did so while Alexandro Gutierrez was engaged in, or on account of his official duties; and

Third, the defendant did not act in reasonable self-defense.

COURT'S INSTRUCTION NO. 12

Forcible Assault

There is a forcible assault when one person intentionally strikes another, or willfully attempts to inflict injury on another, or intentionally threatens another coupled with an apparent ability to inflict injury on another which causes a reasonable apprehension of immediate bodily harm.

COURT'S INSTRUCTION NO. 13

Official Duties

The test for determining whether the officer is engaged in the performance of official duties is whether the officer is acting within the scope of his employment, that is, whether the officer's actions fall within his agency's overall mission, in contrast to engaging in a personal frolic of his own. The excessive use of force in the pursuit of official duty is not considered a good faith performance of official duties.

COURT'S INSTRUCTION NO. 14

Self-Defense

The defendant has offered evidence of having acted in self-defense.  Use of force is justified when a person reasonably believes that it is necessary for the defense of oneself or another against the immediate use of unlawful force.  However, a person must use no more force than appears reasonably necessary under the circumstances.

The government must prove beyond a reasonable doubt, with all of you agreeing, that the defendant did not act in reasonable self-defense.

COURT'S INSTRUCTION NO. 15

Duty to Deliberate

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially.  You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances.  Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases.  Unconscious biases are stereotypes, attitudes, or

preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so.  During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

COURT'S INSTRUCTION NO. 16

Consideration of Evidence

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This restriction includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, text messaging, or any Internet chat room, blog, website or any other forms of social media.  This restriction applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings and a mistrial

could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

COURT'S INSTRUCTION NO. 17

Use of Notes

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

COURT'S INSTRUCTION NO. 18

Jury Consideration of Punishment

The punishment provided by law for this crime is for the court to decide.  You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

COURT'S INSTRUCTION NO. 19

Verdict Form

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the bailiff that you are ready to return to the courtroom.

COURT'S INSTRUCTION NO. 20


Communication with Court


If it becomes necessary during your deliberations to communicate with me, you may send a note through the Bailiff, signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.